(110 App. Div. 82)

## CLEVELAND v. CROMWELL.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

1. LARCENY—INDICTMENT—DEFECTS—JURISDICTION.
 Code Cr. Proc. § 56, provides that, subject to the power of removal, Courts of Special Sessions, except in New York City and in Albany, have exclusive jurisdiction in the first instance to hear and determine charges of petit larceny within their respective counties, and section 57 declares that, on filing with the magistrate before whom is pending a charge for such offense a certificate of the county judge or a justice of the Supreme Court that it is reasonable that such charge be prosecuted by indictment, all proceedings before a justice shall be stayed, and he shall return the same to the district attorney for presentation to the grand jury. *Held*, that where an indictment returned by a grand jury in Kings county charged petit larceny only, and no certificate required by section 57 was alleged to have been procured, the indictment was so defective that the defendant could not have been required to plead thereto.

2. CRIMINAL LAW—MISDEMEANORS—COMPROMISE.
 Code Cr. Proc. § 663, provides that, when a defendant is brought before a magistrate on a charge of misdemeanor for which the person injured has a remedy by civil action, the crime may be compromised with certain exceptions, and section 664 declares that on the party injured receiving satisfaction therefor the magistrate or court in its discretion on payment of costs may order the defendant discharged. *Held* that, where plaintiff was indicted for a mere misdemeanor and his counsel settled the case with the prosecutor out of court, the court would have been authorized by such sections to have discharged plaintiff on such settlement being brought to its attention.
 [Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 44.]

3. ATTORNEY AND CLIENT—MALPRACTICE—LIABILITY OF ATTORNEY.
 Where an indictment returned against plaintiff for a misdemeanor was so clearly insufficient on its face that plaintiff could not have been required to plead thereto, and plaintiff's attorney, having effected a settlement with the person injured out of court, in all probability could have obtained a dismissal of the indictment by the court, as authorized by Code Cr. Proc. §§ 663, 664, but, instead, advised plaintiff to plead guilty to petit larceny, for which offense he was sentenced to one year's imprisonment, whether such attorney was remiss or negligent in his duty to plaintiff as his attorney so as to entitle plaintiff to recover damages against him therefor was for the jury.
 [Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 290.]

Appeal from Trial Term, Kings County.

Action by Wilson A. Cleveland against George Cromwell. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

George W. Miller, for appellant.
Thomas Kelby, for respondent.

RICH, J. This action was brought to recover damages alleged to have been sustained by the plaintiff in consequence of the negligence, lack of skill, and legal knowledge of the defendant, an attorney at law, in the conduct and management of a criminal action, as a result of which it is alleged the plaintiff suffered an imprisonment of three months and five days in the Kings County Penitentiary.

The plaintiff was indicted on December 7, 1896, for the crime of grand larceny in the second degree, charged to have been committed by obtaining from one George L. Stanley, on or about the 18th day of September, 1893, the sum of $25, by means of false pretenses and representations. The indictment grew out of the sale of real property. Prior to December 7, 1892, the plaintiff was the owner in fee of a parcel of real property in the town of Southfield, Richmond county, which had been platted for sale in city lots. He had made sales of several of these lots, by land contracts, on partial payments, and on executing final conveyances had procured releases of the lots sold from the lien of a mortgage which covered the whole property. On said 7th day of December he conveyed all of the property unsold, including lots Nos. 550, 551, 552, and 553, to his son, Warren H. Cleveland. The deed was recorded December 9, 1892, in the office of the clerk of Richmond county. Some time about the middle of August, 1894, the plaintiff, acting as the agent of his son, the owner of the property, orally agreed to sell the above-designated lots to George L. Stanley for $240, payable in monthly installments of $25, and Stanley paid him $15 at that time. On the 8th day of October following the plaintiff's son, pursuant to the oral agreement of his father, entered into a written contract with said Stanley, in and by which he undertook and agreed to sell and convey said four lots to the latter for $240, payable $40 on the execution of the contract, and $25 a month thereafter until the whole of said sum was paid, at which time the vendor agreed to "execute and deliver to the party of the second part the said lots, in fee simple, free from incumbrances except taxes and assessments levied and imposed thereon subsequent to this agreement and the following covenant." The covenant is not material. This contract contained no representation that the property was free from incumbrance. When the plaintiff delivered the contract, Stanley paid him $25, which, with the $15 theretofore paid, made the payment of $40 which the contract provided should be made when it was signed. There is no positive proof in the case of the payment to the plaintiff of any additional sum. There is proof that Stanley paid the whole consideration, in the amounts and at the times provided by the contract; the last payment of $15

being made on June 18, 1895. But to whom these payments were made does not definitely appear. By reason of financial reverses the plaintiff and his son were not able to keep up the payments on the mortgage, which was subsequently foreclosed, and the property on which it was a lien, including said four lots, sold; the defendant being the purchaser.

The false pretenses charged in the indictment were, first, that the plaintiff was the owner of the lots; and, second, that they were free and clear of all incumbrances. The plaintiff testified to his employment of the defendant. A day was fixed for the trial, and upon that day the plaintiff went to the courthouse, where he met the defendant, who informed him—

"That he had made a satisfactory settlement with Mr. Stanley, but that the settlement did not remove the indictment from the district attorney's books. * * * He said that was a matter of court records, and the district attorney had to have a process of disposing of it from his books, so as to keep a record of it and show how the case was disposed of, and said that he would advise me to withdraw my plea of not guilty to grand larceny in the second degree, and plead guilty to petit larceny; and, in the event of my so doing, I would be paroled in his custody, and that would end the whole matter. And I said: 'That is rather a bitter pill, when a person does not feel guilty of a crime: but, if that is the best of your advice, you came here to dispose of the case, why I will enter that plea.' He said: 'In that event you will hear nothing more of the case; that will end it for all time.' * * * He gave me no advice at all upon the contents of the indictment, except what I have already stated, to withdraw one plea and enter another one. He went before the judge and stated to the judge that the case had been settled satisfactorily out of court, and I withdrew one plea to enter the other. He was the spokesman himself. Upon a subsequent occasion * * * I was sentenced on this plea of guilty to petit larceny, made at the time I have spoken of by Mr. Cromwell by Judge Stevens; sentenced to the Kings County Penitentiary for one year. I was immediately taken off the same day. * * * I remained in the penitentiary about three months and twelve or thirteen days, at labor. I had never been in prison before."

The plaintiff was discharged from the penitentiary on March 12, 1898, by final order upon a writ of habeas corpus.

As to the employment of the defendant by the plaintiff, and what occurred in court at the time he was convicted upon his plea of guilty, the plaintiff was corroborated by the evidence of other witnesses. The record shows that after the plaintiff and several witnesses had given testimony in his behalf he was recalled by his counsel, and during his examination, which does not appear to have been completed before the plaintiff had rested his case, and without motion or request on the part of defendant's attorney, the following occurred:

"The Court: Certainly within two years he had received $25 from Mr. Stanley on this property. I shall hold, as far as the criminal advice is concerned, that you cannot hold him unless he did it in bad faith, which you have disclaimed. I shall also hold that if Mr. Stanley paid him $25 on this contract within two years that he was certainly not so clearly wrong as to make him liable to advise that he was liable to be convicted on the indictment, because the indictment could be amended in respect to the time in which the payments were made. Upon the whole case I hold there is nothing here to hold Mr. Cromwell on. I will never hold that the advice that Mr. Cromwell gave under the circumstances of this case as they have been developed makes him liable.

"Mr. Miller: Your honor then holds that bad faith is necessarily an element of the cause of action?

"The Court: Not necessarily; where in the absence of ordinary skill he might be liable.

"Mr. Miller: I asked your honor to hold that it was a palpable want of skill and negligent exercise of the duties as counsel for the defendant not to be aware of the fact that the indictment did not state facts that constituted the offense charged, to wit, grand larceny in the second degree.

"The Court: It does not appear that he did not know it.

"Mr. Miller: And that if he did know that. and such facts were not alleged as constituted the crime of grand larceny in the second degree, it was his duty to apprise the plaintiff of that fact and of his rights under the circumstances. In the next place, that, inasmuch as it appeared by the indictment that only the sum of $25 was alleged to have been obtained fraudulently as constituting the crime of grand larceny, and that such sum was obtained on or about the 18th day of December (September), 1893, and the indictment was not found till the 7th of December, 1896, that it was the duty of the defendant as attorney and counselor for the plaintiff to apprise him that he had a valid defense to the indictment upon the ground that the statute of limitations had run and that the indictment was improperly found, when it was found, and that all that would be necessary to sustain that defense would be to prove on the general issue that he had continuously resided within the state during the time mentioned.

"The Court: As I am going to dismiss the complaint, I take the request simply that I will submit it to the jury; that I decline to do.

"Mr. Miller: I ask your honor to submit this question to the jury, and also the question of damages.

"Declined. (Defendant excepts to the refusal to submit these questions to the jury and to the dismissal of the complaint.)"

The indictment was so clearly insufficient that the defendant could not have been required to plead to it. People v. Knatt, 156 N. Y. 302, 50 N. E. 835. The crime charged could not be prosecuted by indictment unless the certificate provided for by section 57 of the Code of Criminal Procedure had first been obtained, and until that certificate was made and filed the jurisdiction of the grand jury did not attach. It was necessary that this special fact upon which jurisdiction depended should be alleged. Courts of Special Sessions have exclusive jurisdiction to hear, try, and determine all complaints for petit larceny, and that was the offense charged in this indictment, unless the certificate provided for in section 57 has been obtained and filed. Section 56, Code Cr. Proc. Had this objection been properly taken, it would have been the duty of the court to have dismissed the indictment. People v. Knatt, 156 N. Y. 302, 50 N. E. 835. The defendant having arranged or completed a satisfactory settlement with the complainant out of court, it is fair to presume that had the objection been taken no further proceedings would have been taken, and the plaintiff would have been spared the humiliation of imprisonment in the penintentiary.

Again, the offense charged being a misdemeanor, and having been satisfactorily settled out of court, sections 663 and 664 of the Code of Criminal Procedure provided a manner in which such settlement should be brought to the attention of the court and authorized the discharge of the plaintiff. Whether the defendant was remiss or negligent in his duty as the attorney of the plaintiff in not having availed himself of this remedy in behalf of his client was clearly a question of fact which the plaintiff had the right to have determined by the jury.

The judgment must be reversed, and a new trial granted, costs to abide the event. All concur.