Peterson v. The People.

John E. Peterson et al. v. The People of the State of Illinois, ex rel., etc.

Gen. No. 4,698.

1. STATUTES—*how to be construed.* In construing statutes that construction is to be favored which gives effect to every clause and every part of the statute, thus producing a consistent and harmonious whole.

2. STATUTES—*how to be construed.* Where there is an irreconcilable conflict between different parts of the same act, the last in order of position must control.

3. SCHOOL DIRECTORS—*when election for, to be held.* The time fixed by statute for the general election for directors is on the third Saturday of April; vacancies in the office of director are to be filled on a Saturday; and section 126 of the School Act, which is the last section in order of position, regarding the election of directors in new districts, provides for the election of directors on any Saturday and limits the "convenient time" to be fixed by the board under section 88 to "any Saturday."

*Quo warranto* proceeding. Appeal from the Circuit Court of Henry county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

SEARLE & MARSHALL and L. E. TELLEEN, for appellant.

CHARLES E. STURTZ, State's Attorney, for appellee; N. F. ANDERSON, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an information in the nature of a *quo warranto*, charging appellants with usurping the office of school directors of district number ninety-seven and one-half in Henry county. Appellants filed a plea of justification showing, among other things, that the school trustees of township sixteen north, range one east, Henry county, at their semi-annual meeting in April, 1905, organized a new school district, described as district number ninety-seven and one-half, and that within fifteen days after the creation of said school district, to wit: on the 18th day of April, 1905, Henry Conover, the township school treasurer of said township, posted notices notifying the electors of said district that on Monday, the first day of May, an election would be held at the residence of J. E. Peterson in said district for the election of three school directors of this new district, said notice purporting to be by order of the board of trustees of said township, and being signed by the township treasurer. To this plea the court sustained a general demurrer, and the respondents standing by their plea, a judgment of ouster was rendered against them and they have prosecuted an appeal to this court.

The principal contention in the case, and the only one necessary for this court to pass upon, is whether an election of school directors of a newly organized district held on Monday is a legal election, the contention of the People being that such an election must be held on Saturday, and it involves the construction of sections 88 and 126 of the School Law.

Section 126 provides that "in new school districts the first election of directors may be on Saturday, notice being given by the township treasurer as for the election of trustees," and it was first adopted as a part of the school law in 1872. Section 88 provides that "when the trustees of schools shall organize a new dis-

trict as hereinbefore provided for, it shall be the duty of the clerk of the board of trustees, if no appeal is taken to the county superintendent, to order within fifteen days after the action of the trustees, an election to be held at some convenient time and place within the boundaries of such newly organized district for the election of three school directors, notice being given by the township treasurer,'' and it was first adopted in 1881. Section 88 also contained the form of notice, the conclusion of which is: ''By order of the board of trustees of said township.''

Appellants claim that the passage of section 88, first incorporated into the school laws in 1881, was a repeal by implication of section 126 adopted in 1872, and that the words ''at some convenient time and place'' to be determined by the clerk of the board of trustees ''enlarge and extend the time for holding such elections in newly organized districts,'' and remove the restriction in section 126 which provides that such elections must be on some Saturday.

In 1889, the entire school law was revised by the legislature and both section 88 and section 126 were incorporated into one act.

In construing statutes, that construction is to be favored which gives effect to every clause and every part of the statute, thus producing a consistent and harmonious whole. A construction which would leave without effect any part of the language used, should be rejected, if an interpretation can be found which will give it effect. Another rule of construction is, that where there is an irreconcilable conflict between different parts of the same act, the last in order of position must control. 26 Am. & Eng. Ency. of Law, 618, 619. If there be two affirmative statutes, or two affirmative sections in the same statute, on the same subject, the one does not repeal the other ''if both may consist together, and the courts will seek for such a construction as to reconcile them, so that no clause or sentence

shall be superfluous or void." Fowler v. Perkins, 77 Ill. 271; Decker v. Hughes, 68 Ill. 33.

In re-adopting in one revised act these sections that had been before that time adopted at different sessions, the law-making power indicated an intention that they should stand together. The time fixed by the statute for the general election for directors is on the third Saturday of April, vacancies in the office of director are to be filled on a Saturday, and section 126, which is the last section in order of position regarding the election of directors in new districts, provides for the election of directors on any Saturday and limits the "convenient time" to be fixed by the board under section 88 to "any Saturday." The policy of the law-making power seems to have settled upon Saturday as the convenient day on which all school elections should be held. The election having been held on Monday was illegal and void, and the court properly sustained the demurrer to the plea of appellants.

The judgment will, therefore, be affirmed.

*Affirmed.*