(65 Misc. Rep. 166.)

### CLARK v. PHILLIPS.

### MAHANA v. SAME.

(Supreme Court, Special Term, Erie County. October, 1909.)

DEPOSITIONS (§ 83*)—SUPPRESSION—GROUNDS.

Where a party was represented by attorney at the taking of the testimony of the adverse party for use on the trial of pending actions, and had the benefit of a complete cross-examination, and the benefit of a physical examination desired, the deposition would not, after the death of the adverse party, be suppressed merely because of defects in the affidavit used to obtain the order for the deposition and in the order itself.

[Ed. Note.—For other cases, see Depositions, Dec. Dig. § 83.*]

Actions by George Clark and by Jane Mahana against Frank Phillips. Motion by defendant to vacate an order providing for the taking of the testimony of George Clark for use on the trials of the actions. Denied.

Hopkins & Brim, for the motion.
Oliver D. Burden and George C. Lewis, opposed.

BROWN, J. The testimony of George Clark was taken under the provisions of the order of May 3, 1909, on the 19th day of May, 1909, and filed in Niagara county clerk's office June 12, 1909. George Clark died on the 19th day of August, 1909. On the 11th day of September, 1909, the attorneys for the defendant served a notice of motion, returnable September 20, 1909, for an order vacating the order of May 3, 1909, and setting aside the deposition of the deceased witness, upon the ground that the affidavit used to obtain the order was defective, that there was no authority for granting the order, and that stat-

utory requirements relative to the service of copies of the affidavit and order were not complied with.

Upon the argument of this motion on the 20th of September, 1909, it appeared that these cases were upon the general calendar of the April term of this court for Niagara county, held at Lockport; that plaintiffs were ready for trial, and anxious to try the same at that term; that defendant made application for the postponement of such trials, owing to the inability of the defendant to be present at that term of court, and it also being claimed that the attorneys for the defendant had consented to the granting of the order of May 3, 1909, that it was referred to S. W. Dempsey, Esq., to ascertain and report whether the order of May 3, 1909, was made as a condition of granting defendant's application to postpone, and whether defendant's attorneys consented; that the order was made in its form, and that the testimony of the witness Clark should be taken under the said order for use at the trials when had; that such motion to vacate was held until the coming in of such report; that the referee has rendered his report, wherein he finds that such order was not made as a condition of the postponement of the trials, but was made with the consent of the attorneys for the defendant that the testimony of the witness Clark should be taken under it for use on the trials.

While it does appear that no formal decision was ever made on the application of the defendant to postpone the trials, and no direct testimony appears to the effect that the order was made as a condition of putting the cases over the term, and while the referee is probably correct in his findings, yet the fact that the cases were not tried, nor moved for trial, after the making of the order, and that the attorneys for both parties took steps to take the testimony, the attorney for the defendant seeking to have included in the order a condition for the physical examination of the plaintiff Mahana, is quite satisfying to the mind that it was understood by all parties up to the adjournment of court that, instead of trying the cases at that term, the testimony of plaintiff Clark was to be taken for use on the trials of both of the above-entitled actions, to be had at some future time.

It quite satisfactorily appears that on May 3, 1909, Mr. Justice Lambert, presiding at the term of court then in session, called one of the attorneys for the defendant to the bench and inquired of him what there was about this order to take the testimony; that the attorney for the defendant replied that plaintiffs' attorneys had stipulated that defendant might have a physical examination of the plaintiff Mahana; that if they obtained the order he could see no reason why a physical examination could not be had at the same time of taking the testimony of the plaintiff Clark. There was talk as to who the referee should be, and defendant's attorney stated he had no objection to the referee that was finally named in the order. While it is true that the affidavit used to obtain the order and the order itself is subject to many of the criticisms made by counsel, yet it is very easy to reach the conclusion, by implication, at least, that the defendant's attorneys did agree to take the testimony of plaintiff Clark in the manner it was taken for use on the trials when had. Defendant did have the physical examination he desired. He has had the benefit of that provision of his oral

request, acted upon it, and, although the order does not contain anything in reference thereto, he cannot complain. The defendant was represented by his attorney at the time of the taking of the testimony of the plaintiff Clark. He had the benefit of a thorough and complete cross-examination, and has taken no steps to suppress the deposition after it was taken and before the death of the witness, who then was in a very feeble physical condition, and was expected to live but a very short time thereafter; and now, having made this motion after the death of the witness, it must be held, under all the circumstances, that the motion must be denied.

Proposed order to be submitted before entering.