Louis C. Van Doren, for appellant. Gilbert E. Roe, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

INGRAHAM, P. J. (dissenting). I do not think this levy should have been vacated. My view upon a motion of this character is stated in my dissenting opinion in Bridges v. Wade, 113 App. Div. 362, 99 N. Y. Supp. 126. Where a question is presented as to whether a levy is sufficient to obtain a lien upon an amount due to the defendant by a party who has been served with a warrant of attachment in this state, I think the question of the sufficiency of the levy should be determined upon a proceeding to enforce it, and not upon a motion to vacate it; but, assuming that a motion to vacate this levy was proper, I think the facts bring this case within Flynn v. White, 122 App. Div. 780, 107 N. Y. Supp. 860, that the liability in favor of the defendant upon which this levy is made arose within this state, that that liability could be enforced within this state, and that the court below was therefore in error in vacating the levy. For the reasons stated, I think the order should be reversed, and the levy reinstated.

CLARK v. PHILLIPS. MAHANA v. SAME. (Supreme Court, Appellate Division, Fourth Department, January 18, 1911.) Actions by George Clark and by Jane Mahana against Frank Phillips.

PER CURIAM. Orders (65 Misc. Rep. 166, 119 N. Y. Supp. 360) affirmed, with $10 costs and disbursements.

KRUSE, J., dissents, upon the ground that the order for examination appears upon its face to have been made under article 1, title 3, c. 9, §§ 870–886, of the Code of Civil Procedure. Such an order can only be made by a judge, and not by the court. If the order was incorrectly entered, it should have been resettled before the judge who presided at the court that made it.

CLEVELAND. Appellant, v. CROMWELL, Respondent. (Supreme Court, Appellate Division, Second Department. October 20, 1910.) Action by Wilson A. Cleveland against George Cromwell.

PER CURIAM. Reargument ordered, and case set down for November 15, 1910. See, also, infra.

THOMAS, J., not voting.

CLEVELAND, Appellant, v. CROMWELL, Respondent. (Supreme Court, Appellate Division, Second Department. November 23, 1910.) Action by Wilson A. Cleveland against George Cromwell.

PER CURIAM. We are of opinion that the evidence of employment by the plaintiff of the defendant as an attorney to represent him in the criminal proceedings is such that the case must be submitted to a jury. For that reason, and on the authority of Cleveland v. Cromwell, 110 App. Div. 82, 96 N. Y. Supp. 475, and Cleveland v. Cromwell, 128 App. Div. 237, 112 N. Y. Supp. 643, the judgment is re-

versed on reargument, and a new trial granted, costs to abide the event. See, also, supra.

JENKS and RICH, JJ., dissent, on the ground that the evidence in this record did not require the submission of the case to the jury, and that in any event the alleged negligence of the defendant was not the proximate cause of the injury.

COHEN, Appellant, v. KATZ, Respondent. (Supreme Court, Appellate Division, First Department. October 28, 1910.) Action by Simeon Cohen, an infant, against Rose Katz, otherwise Rose Cohen. A. Nelson, for appellant. B. S. Catts, for respondent.

PER CURIAM. Judgment affirmed, with costs, with leave to plaintiff to withdraw demurrer on payment of costs. Order filed. See, also, infra.

INGRAHAM, P. J., and SCOTT, J., dissent, on dissenting opinion in Berry v. Berry, 130 App. Div. 53, 114 N. Y. Supp. 497.

COHEN v. KATZ. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by Simeon Cohen, an infant, etc., against Rose Katz, etc. No opinion. Motion denied, with $10 costs. Order filed. See, also, supra.

COHEN, Appellant, v. REISENBERGER, Respondent. (Supreme Court, Appellate Division, Second Department. December 2, 1910.) Action by Solomon Cohen against Ray Reisenberger.

PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that plaintiff's employment, and defendant's liability and its scope, together with any question of damages, should have been left to the jury.

COHIE, Appellant, v. HERR, Respondent. (Supreme Court, Appellate Division, First Department. December 9, 1910.) Action by Elmer H. Cohie against Von H. Herr. G. Glenn, for appellant. J. A. Dayton, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

COLE, Respondent, v. SLATE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 18, 1911.) Action by Harrison K. Cole against Victor R. Slate and another.

PER CURIAM. Judgment modified, by reducing the amount of the verdict to the sum of $5.31 as of the date of the rendition thereof in justice's court, and, as so modified, affirmed, without costs of the appeal in this court to either party.

McLENNAN, P. J., dissents, and votes for affirmance. WILLIAMS, J., dissents, and votes for reversal.

COLE, Respondent, v. UNITED TRACTION CO., Appellant. (Supreme Court, Appellate Division, Third Department. December 9,