In the Matter of MAURICE SCHACHT, Petitioner, *v.* JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, Respondent.

Third Department, March 27, 1964.

*Lyman & Tenenbaum* (*Morris Lyman* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Harold J. Hughes, Jr.,* and *Paxton Blair* of counsel), for respondent.

HAMM, J. This is a proceeding initiated pursuant to subdivision 5 of section 7011 of the Education Law to annul the order of the Commissioner of Education revoking the petitioner's license to practice podiatry.

The petitioner was indicted in New Jersey for the crime of abortion. The indictment charged that the petitioner: " on the 17th day of February, 1961, in the Township of Edison, in the County of Middlesex aforesaid, and within the jurisdiction of this Court, maliciously and without lawful justification, with intent to cause and procure the miscarriage of Hazel Wilma Wilson, a woman then pregnant with child, unlawfully did use in and upon her diverse instruments and means unknown, contrary to the provisions of N. J. S. 2A:87–1 ".

On December 3, 1962, the petitioner withdrew his plea of not guilty and entered a plea of guilty. The New Jersey judg-

ment recited: "RETRACTED PLEA OF NOT GUILTY AND ENTERED PLEA OF GUILTY which plea shall not be evidential in any civil proceedings."

Section 80 of the Penal Law of the State of New York provided:

" § 80. Definition and punishment of abortion.

" A person who, with intent thereby to procure the miscarriage of a woman, unless the same is necessary to preserve the life of the woman, or of the child with which she is pregnant, either:

" 1. Prescribes, supplies, or administers to a woman, whether pregnant or not, or advises or causes a woman to take any medicine, drug, or substance; or,

" 2. Uses, or causes to be used, any instrument or other means,

" Is guilty of abortion, and is punishable by imprisonment in a state prison for not more than four years, or in a county jail for not more than one year."

The New Jersey law provided:

" 2A:87-1. Causing miscarriage; increased penalty if death results.

" Any person who, maliciously or without lawful justification, with intent to cause or procure the miscarriage of a pregnant woman, administers or prescribes or advises or directs her to take or swallow any poison, drug, medicine or noxious thing, or uses any instrument or means whatever, is guilty of a high misdemeanor.

" If as a consequence the woman or child shall die, the offender shall be punished by a fine of not more than $5,000, or by imprisonment for not more than 15 years, or both."

Although the crime of which the petitioner was convicted was a felony in this State, the petitioner contends that the disciplinary proceedings against him should have been brought under subdivision 1 rather than under subdivision 8 of section 7011 of the Education Law.

Section 1412 of article 53 of the Education Law was added by section 1 of chapter 85 of the Laws of 1927, in effect March 7, 1927. It provided:

" The department may revoke the license of a chiropodist or annul his registration or do both in any of the following cases:

" (a) Conviction of a felony ".

Section 7 of chapter 791 of the Laws of 1936, amending section 1412 of the Education Law, deleted this provision [see Senate Int. 1569, Pr. 1895, 2323 in bill jacket collection] and provided:

" § 7. Section fourteen hundred and twelve is hereby amended to read as follows:

" * * *

" 1. The license and registration of a podiatrist may be revoked, suspended or annulled, or such podiatrist reprimanded, censured or otherwise disciplined in accordance with the procedure prescribed by this article upon proof that such podiatrist

" (a) Has been convicted of a felony;

" * * *

" 7. A conviction of a felony shall forfeit a license to practice podiatry and upon presentation to the department of a certified copy of a court record showing that a licensed podiatrist has been convicted of a felony the commissioner shall execute an order declaring the license forfeited and revoked and every county clerk in whose office such license has been registered shall mark such registration ' cancelled.' Any person whose license has thus been forfeited and revoked and who shall practice podiatry in this state thereafter shall be guilty of misdemeanor but if this conviction is reversed and he is acquitted or discharged, his license shall again become valid as of the date of such acquittal or discharge.

" The conviction of a felony shall include the conviction of a felony by any court in this state or by any court of the United States or by any court of any other state or political subdivision of the United States. In the event that a crime of which the podiatrist is convicted is not a felony in the jurisdiction in which the conviction is had but is a felony in this state, the conviction shall be deemed to be the conviction of a felony for the purposes of this article."

Subdivisions 1 and 7 of section 1412 of the Education Law, as enacted by section 7 of chapter 791 of the Laws of 1936, are now respectively subdivisions 1 and 8 of section 7011 of the Education Law subject to minor alterations made after 1936.

Section 95 of the General Construction Law provides:

" The provisions of a law repealing a prior law, which are substantial re-enactments of provisions of the prior law, shall be construed as a continuation of such provisions of such prior law, modified or amended according to the language employed, and not as new enactments."

In *Matter of Prime* (136 N. Y. 347, 355), it was stated: " We conceive the general rule to be that when a statute amends a former statute ' so as to read as follows,' it operates as a repeal by implication of inconsistent provisions in the former law, and of provisions omitted in the amended law." However, in *Bank of Metropolis* v. *Faber* (150 N. Y. 200), the court explained that

the rule of the *Prime* case was not absolute and unqualified, stating (pp. 206–207): "The effect upon a prior statute of a subsequent amendment ' so as to read as follows ' is not to be determined in all cases by any fixed and absolute rule, but frequently becomes a question of legislative intent to be determined from the nature and language of the amendment, from other acts passed at or about the same time and from all the circumstances of the case. The duty of the courts is to give effect to the legislative intent rather than the literal terms of the act."

Where there is an irreconcilable conflict between the different provisions of a single act involving point of order rather than point of time it has been held that the latest in order of position will prevail (*Peterson* v. *People,* 129 Ill. App. 55). This rule has been the object of criticism (*Smith* v. *Board of Trustees,* 198 Cal. 301) and in an early New York case it was said " the somewhat arbitrary rule that the last expression of the law-maker in the act embodies the final intent " was to be resorted to " only *in extremis* " (*People ex rel. Mason* v. *McClave,* 99 N. Y. 83, 89).

While it is argued that there is an inclination against repeals by implication and that the statute restricts the practice of a calling not prohibited by common law and that the penalty of revocation is severe, nevertheless, rules of construction are not permitted to override the doctrine that the intent of the Legislature is the primary object of all statutory construction and no statute may be construed so strictly as to result in perversion of the legislative intent. In this case the irreconcilability is entire and absolute. There is no consistent or logical pattern in the Education Law to serve as an aid to construction; for instance, on proof of conviction of a felony the license of a physician is subject only to discretionary revocation (Education Law, § 6514, subd. 1) whereas on the same proof the revocation of a dentist's license is mandatory (Education Law, § 6613, subd. 12). The Legislature could not have intended that the discretionary provisions of subdivision 1 should be in effect after, in the same legislative act and in the same section of the act, it decreed the mandatory revocation required by subdivision 8. It was correct to proceed under the mandatory provisions of the Education Law.

The petitioner's argument that the Commissioner's order constitutes enforcement of the criminal law of another State has been made before in a similar situation without success. In *Matter of Barsky* v. *Board of Regents* (305 N. Y. 89, 98, affd. 347 U. S. 442), it was observed: " We are enforcing our own statute, of not uncertain meaning, which simply empowers the

Regents to impose a penalty upon any physician who has been convicted of a crime in any competent court anywhere.''

The petitioner seeks also collaterally to attack the New Jersey judgment of conviction. In article 78 proceedings brought to review administrative orders of the Commissioner of Motor Vehicles we have refused to entertain a collateral attack upon judgments of conviction. (*Matter of Gross* v. *Macduff*, 284 App. Div. 786; *Matter of Goodfellow* v. *Kelly*, 6 A D 2d 962, 6 A D 2d 1018; see, also, *Matter of Hickey* v. *Kelly*, 9 A D 2d 386, affd. 8 N Y 2d 715; cf. *People* v. *Wilson*, 13 N Y 2d 277.) Moreover, the record indicates that all of the grounds of illegality which the petitioner urges for setting aside the New Jersey conviction were waived by his plea of guilty (*People* v. *Friola*, 11 N Y 2d 157).

The determination should be confirmed.

GIBSON, P. J., HERLIHY, TAYLOR and AULISI, JJ., concur.

Determination confirmed, without costs.