■ PHILIP RASTELLI, Appellant, v SUTTER, MOFFATT, YANNELLI & ZERIN, P. C., et al., Respondents. — In an action, *inter alia*, to recover damages for legal malpractice, plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), dated January 13, 1981, which granted defendants' motion for summary judgment dismissing the complaint. Order affirmed, without costs or disbursements. In March, 1975 plaintiff retained defendants to represent him in criminal proceedings pending in the United States District Court for the Eastern District of New York, arising out of his indictment for violation of the Sherman and Hobbs Acts (US Code, tit 15, § 1; tit 18, § 1951 [extortion and restraint of trade]). Following several adjournments, the court set March 29, 1976 as a trial date. On February 28, 1976, defendant Sutter undertook representation of another client in a State homicide trial which began on March 8, 1976. The State matter became more complex than originally anticipated, creating a conflict with plaintiff's trial date. At a pretrial conference in the District Court on March 19, 1976, plaintiff requested that he be permitted to substitute counsel. The District Court agreed to permit the substitution only if new counsel would be prepared to begin the trial on the scheduled date, March 29, 1976. At a second conference, held on March 24, the District Court refused to grant a request for a one-week continuance. Plaintiff's new counsel then petitioned the United States Court of Appeals for the Second Circuit for a writ of mandamus. The petition was denied for lack of jurisdiction, but the Second Circuit requested that the District Court reconsider the denial of the request for a one-week continuance (*Rastelli v Platt*, 534 F2d 1011). In response to this request the District Court postponed jury selection until April 1, and examination of witnesses did not commence until April 5, 1976, the date which plaintiff had requested in his mandamus petition. On appeal following his conviction, plaintiff contended, *inter alia*, that the failure of the District Court to grant a further continuance so that new

counsel could prepare his defense, denied him a fair trial and adequate representation of counsel. The Second Circuit rejected this contention stating: "Counsel has made only generalized allegations of prejudice and has not shown any specific way in which Rastelli's defense was hampered. In the absence of any particularization of prejudice this court will not find that the denial of the continuance was an abuse of discretion [citations omitted]. Indeed the record establishes that Rastelli was represented vigorously and competently by his counsel." (*United States v Rastelli,* 551 F2d 902, 906, cert den 434 US 831.) Plaintiff now brings this action against defendants, his original counsel, alleging, *inter alia,* that but for their negligent representation he would not have been convicted. (Although plaintiff's amended complaint states a second cause of action for breach of contract, the claims are actually one and the same.) Special Term granted defendants' motion for summary judgment on the ground that the action was barred by the doctrine of collateral estoppel. We agree. In order to invoke the doctrine of collateral estoppel, there must be first "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling." (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; see, also, *Gilberg v Barbieri,* 53 NY2d 285; *Kossover v Trattler,* 82 AD2d 610.) The Second Circuit determined that the plaintiff's defense of the criminal action was not prejudiced by the District Court's failure to grant a further continuance so that new counsel could better prepare his defense. In the instant action plaintiff claims that as a direct result of defendants' negligent acts he was forced to seek substitute counsel to defend him with short notice and preparation, with the result that he was convicted. In our view, the two issues are materially the same. In order to succeed in the instant matter plaintiff would have to establish that defendants' alleged malpractice, which necessitated the last-minute substitution of counsel, was the cause of his conviction. The Second Circuit has already determined that such substitution did not prejudice plaintiff's defense. Plaintiff had a full and fair opportunity on his appeal to the Second Circuit to establish prejudice to his defense, and failed to do so. Accordingly, the instant action is barred by collateral estoppel. (See *Vavolizza v Krieger,* 33 NY2d 351.) We have considered and rejected plaintiff's contention that, even if his malpractice claims are barred by collateral estoppel, he is entitled to recover punitive damages. (See *Wegman v Dairylea Coop.,* 50 AD2d 108, mot for lv to app dsmd 38 NY2d 918.) Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.