OPINION OF THE COURT
Albert H. Buschmann, J.
The defendant has moved to dismiss the complaint for failure to state a cause of action. The plaintiff has cross-moved for summary judgment.
On May 15, 1980, Angel Claudio, then 16, murdered Steven Zweikert, who was returning home from his high school prom. Acting on an anonymous tip, the police questioned, but did not arrest, Claudio. After consulting with defendant Heller, who is a lawyer, Claudio confessed to an Assistant District Attorney that he had robbed and murdered Zweikert. Claudio gave his statement in Heller’s presence. The police did not have probable cause to arrest Claudio before his confession. The plaintiff and Randolfo Maldonado were indicted for murder in the second degree. Heller was relieved as Maldonado’s attorney on June 3, 1980 because of a conflict of interest in representing both defendants, and he was later discharged as Claudio’s lawyer. Claudio subsequently brought a motion to suppress his confession, and Criminal Term held a hearing. Claudio testified that he confessed because Heller advised him to do so. Heller testified that Claudio insisted on surrendering to the authorities and making a statement. Upon finding that Claudio’s testimony was more credible than Heller’s, Criminal Term suppressed the confession. The court held that the confession was obtained in violation of the defen *433 dant’s Fifth and Sixth Amendment rights in that he was denied the effective assistance of counsel.
The People appealed from the order of suppression. (People v Claudio, 85 AD2d 245.) The Appellate Division, Second Department, concluded that the findings of Criminal Term on questions of credibility had sufficient support in the record to be left undisturbed. “Given these findings”, the Appellate Division wrote, “and the fact that Heller was told that there would be no plea offer, it must be concluded that Heller failed to fulfill his responsibility to protect his client’s interest diligently and competently”. (People v Claudio, supra, p 251.) Nevertheless, the Appellate Division reversed that part of the order which suppressed Claudio’s confession, holding that nothing in the State or Federal Constitution requires a court to review the competency of the advice given to an uncharged suspect by his retained counsel.
By summons and complaint dated May 27,1982, Claudio brought this $5,000,000 legal malpractice action against Heller on the theory that the latter’s incompetence resulted in his arrest and indictment for murder. Claudio has moved for summary judgment on the ground that Criminal Term’s findings on Heller’s competence, which were not changed by the Appellate Division, collaterally estop Heller on the issue of liability.
The issue to be determined is whether the complaint fails to state a cause of action because the plaintiff does not allege that he is innocent of murdering Zweikert. The court is not aware of any New York cases which have answered this question. In Vavolizza v Krieger (33 NY2d 351), a plaintiff sued his former attorney for malpractice because the attorney allegedly coerced him into making a guilty plea. However, the Court of Appeals dismissed the complaint on the ground that the plaintiff was collaterally estopped by the decision of a Federal court that denied his motion to vacate the plea from relitigating the issues of coercion and guilt. In Rastelli v Sutter, Moffatt, Yannelli & Zerin (87 AD2d 865), a former client sued the attorneys who represented him on a criminal case on the theory that their negligent acts caused him to seek substitute counsel to defend him on short notice and preparation, with the *434 result that he was convicted. The Appellate Division, Second Department, affirmed an order which dismissed the complaint pursuant to the doctrine of collateral estoppel. The decision is noteworthy because it expressly recognizes that, in order to succeed on a malpractice claim based on services rendered in a criminal action, the attorney’s negligence must be shown to have been the cause of the conviction. The twice-appealed case of Cleveland v Cromwell (110 App Div 82 and 128 App Div 237) involved a malpractice claim by a client against his former attorney on the theory that the latter was negligent in failing to advise him that the indictment did not state facts constituting the offense charged and that the Statute of Limitations had run. The Appellate Division, Second Department, after considering all the circumstances, set aside a verdict for the plaintiff as against the weight of the evidence. (Cleveland v Cromwell, 128 App Div 237, supra.)
There are two California cases which are on point. Bradshaw v Pardee (78 Cal App 3d 567) was cited by the defendant and discussed in his brief but, unfortunately, the opinion was deleted from the reporter on the direction of the California Supreme Court for an unstated reason. According to the defendant’s brief, the case concerned a client who pleaded guilty to a criminal charge on the advice of counsel. The client later brought a malpractice action against the attorney, alleging that he was negligently advised to plead guilty. The court dismissed the complaint on the theory that the client’s prison sentence was caused by his guilt and not the lawyer’s alleged negligence. In Weiner v Mitchell, Silberberg & Knupp (114 Cal App 3d 39), a former client who had been convicted of securities fraud brought an action charging his former attorneys with malpractice in the criminal case. The California Court of Appeal, Second District, Division 3, noted that the client’s conviction estopped him from relitigating the issue of guilt. The court then unanimously held (p 48) “we must, therefore, accept as the proximate cause of his indictment, and of all the damages which occurred to him by reason of it, his guilt and his guilt alone. This means that all of the various causes of action alleged in tort against defendants in plaintiff’s second amended com *435 plaint founder on the complete lack of proximate causation between the torts alleged therein and the injuries plaintiff allegedly suffered thereby. Stated otherwise, without proximate causation between the torts alleged and the damages allegedly suffered, there can be no cause of action in tort.”
In Walker v Kruse (484 F2d 802), a prisoner brought a malpractice action against the attorney who had represented him in a criminal matter. The United States Court of Appeals for the Seventh Circuit noted that since jurisdiction had been founded on diversity of citizenship, it had a duty to decide the case as an Illinois State court would have. The court unanimously believed that a State court might have dismissed the complaint because Walker failed to plead his innocence. “In these circumstances, it is questionable whether the Illinois courts would conclude that the defendant’s alleged professional shortcomings proximately caused an injury to the plaintiff which entitles him to damages.” (Walker v Kruse, supra, p 804.)
The plaintiff has cited no cases which dissuade this court from following Bradshaw v Pardee (supra), Weiner v Mitchell, Silberberg & Knupp (supra) and Walker v Kruse (supra). These cases are in harmony with Rastelli v Sutter, Moffatt, Yannelli & Zerin (supra) which expressly stated that a former client who sues his former attorney for malpractice in a criminal action must show that the alleged malpractice was the cause of the conviction.
Accordingly, the defendant’s motion is granted and the plaintiff’s cross motion is denied.