PAUL F. CARMEL, Respondent, v J. ROBERT LUNNEY et al., Doing Business as LUNNEY & CROCCO, ESQS., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. JOHN W. TABNER et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.

Third Department, July 31, 1986

## APPEARANCES OF COUNSEL

*Wilson, Elser, Moskowitz, Edelman & Dicker (Glen Feinberg* of counsel), for defendant and third-party plaintiff-appellant.

*Maynard, O'Connor & Smith (James E. Hacker* of counsel), for third-party defendants.

*Pentak, Brown & Tobin (Timothy J. Mahar* of counsel), for Howard M. Daffner, third-party defendant-appellant.

*Steven M. Gates* for respondents.

### OPINION OF THE COURT

CASEY, J.

In March 1980, plaintiff was subpoenaed by the Attorney-General to give testimony at a hearing held pursuant to the Martin Act (General Business Law art 23-A). The purpose of the hearing was to investigate possible fraudulent or deceptive practices in the promotion and sale of participating interests in a limited partnership known as Michael Starbuck, Inc. and Associates, offered to the public through various stock broker-age firms. Plaintiff, a licensed securities broker, sold such interests to various persons through his employer, the firm of Fittin, Cunningham and Lauson, Inc. (Fittin, Inc.). Fittin, Inc. arranged for plaintiff to be represented at the Martin Act hearing by its attorneys, defendants herein. Plaintiff testified fully at the hearing. Subsequently, the Attorney-General presented evidence to a special Grand Jury and a multicount indictment was handed down charging plaintiff, among others, with several counts of grand larceny, State securities law violations and conspiracy, all stemming from allegedly fraudulent activities in selling interests in Michael Starbuck, Inc. and Associates. Although other principals in and employees of Fittin, Inc. were engaged in the same promotional activities, apparently plaintiff was the only one of them who was so indicted.

Following his indictment, plaintiff retained third-party defendants to defend him. After various pretrial motions, a plea bargain was negotiated, by virtue of which plaintiff was permitted to plead guilty to one misdemeanor count of violating the Martin Act (General Business Law § 352-c) for which he received a conditional discharge. Plaintiff then brought the instant action against defendants for malpractice arising out of their representation of him in connection with the Martin Act hearing.

In essence, the complaint alleges that defendants failed properly to prepare, advise and direct plaintiff as to the possible consequences of the hearing, his right to invoke his

privilege against self-incrimination and to seek immunity from prosecution in exchange for cooperating with the Attorney-General in furnishing evidence against the actual principals in the scheme. Plaintiff further charges that these shortcomings in his representation were at least partly due to an undisclosed conflict of interest that defendants had in representing plaintiff's employers and coemployees in the same investigation. Defendants brought third-party actions against third-party defendants. They then deposed plaintiff, following which they made the instant motion for summary judgment dismissing the complaint. Third-party defendants cross-moved for the same relief. Plaintiff opposed the motions on the merits and also argued that the motions were premature, since he had not yet had an 'opportunity to develop the evidence to support his claim through pretrial disclosure. Special Term denied the motions on the grounds of their prematurity and that there were outstanding issues of fact requiring a trial. This appeal by defendants and third-party defendants followed.

Special Term erred in denying the motions for summary judgment. Plaintiff's conviction upon his plea of guilty, the validity of which cannot be attacked in this action, precludes him, as a matter of law, from establishing that defendants' alleged malpractice was a proximate cause of the damages sustained by plaintiff. This conclusion may be obtained by following any one of three distinct but related paths of reasoning.

As in *Claudio v Heller* (119 Misc 2d 432), the damages sustained by plaintiff flow directly from his guilt of the criminal acts, conclusively established by his plea of guilty. At best, defendants' inadequate and improper advice at the investigative stage of the criminal process was a contributing factor in the disclosure of plaintiff's criminal conduct, but the criminal conduct remains the sole proximate cause of the ensuing investigation, indictment and conviction. Had plaintiff been innocent, defendants' inadequate and improper advice would not have resulted in any of the damages claimed by plaintiff, for his testimony at the investigative hearing would not have revealed any wrongdoing. Conversely, had plaintiff received adequate and proper advice from defendants, plaintiff would still be a wrongdoer and it cannot be said that his criminal conduct would have gone undetected. Certainly, the law should not allow a wrongdoer to recover on such a premise.

Assuming that defendants' alleged malpractice could be

viewed as a cause of plaintiff's damages, the guilty plea entered by plaintiff constitutes a superseding cause. In view of the dramatic consequences of a guilty plea *(see, People v Taylor,* 65 NY2d 1, 5), and since plaintiff acted knowingly, voluntarily and intelligently when he entered his plea *(see, People v Harris,* 61 NY2d 9, 17), any causal link between defendants' conduct and plaintiff's conviction must be considered as having been broken by plaintiff's own voluntary act resulting in the conviction.

In a similar vein, plaintiff's conviction upon his plea of guilty precludes him from establishing that he would have been successful in the underlying criminal action if defendants had exercised due care, a necessary element of his malpractice cause of action *(see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 424). In particular, plaintiff cannot claim that he is innocent, for his plea of guilty signals an " 'intention not to litigate the question of his guilt' " *(People v Taylor, supra,* p 5, quoting *People v Lynn,* 28 NY2d 196, 201). Nor can plaintiff contend that he would not have entered his guilty plea if he had received proper advice from defendants, for such a claim constitutes an impermissible collateral attack upon the validity of the judgment of conviction *(cf. Matter of Schacht v Allen,* 20 AD2d 507, 511, *lv denied* 14 NY2d 485), which is subject to a presumption of regularity *(see, People v Bell,* 36 AD2d 406, 408, *affd* 29 NY2d 882). Plaintiff could have raised his claim of inadequate representation by way of postconviction motion *(see,* CPL 440.10).

To summarize, plaintiff stands convicted upon his plea of guilty in the criminal action, and the damages claimed by plaintiff flow directly and proximately from that conviction. Since plaintiff cannot collaterally attack the validity of his conviction and guilty plea in this action, the complaint must be dismissed for failure to establish that any alleged malpractice was a proximate cause of plaintiff's damages. It follows that the third-party complaint must also be dismissed.

MAHONEY, P. J. (concurring). I concur with the majority's holding that Special Term's order should be reversed and the motions for summary judgment granted, solely on the ground that plaintiff cannot contend that he would not have entered his guilty plea if he had received proper advice from defendants, since such a claim constitutes an impermissible collateral attack upon the judgment of conviction. Plaintiff could have raised his claim of inadequate representation by way of a postconviction motion (CPL 440.10).

LEVINE, J. (dissenting). In my view, Special Term properly denied the motions for summary judgment dismissing the complaint. The majority holds that, so long as plaintiff's conviction based upon his guilty plea has not been vacated in a postconviction proceeding in the underlying criminal action on the basis of ineffective assistance of counsel, it stands as a conclusive bar to plaintiff's action. This follows, according to the majority, because the conviction negates proximate causation, or because it precludes plaintiff from showing that "he would have been successful in the underlying criminal action if defendants had exercised due care, a necessary element of his malpractice cause of action".

The basic standard of proof for legal malpractice is that "but for these alleged omissions, [the plaintiff] would have fared better in the underlying action" *(Parksville Mobile Modular v Fabricant,* 73 AD2d 595, 599, *appeal dismissed* 49 NY2d 801). Even the general lay public is aware that, through the skill of defense counsel, a person who in fact committed a crime may be acquitted or only be convicted of, or be permitted to plea bargain to, a lesser offense. In that sense, certainly, the exercise of proper legal talents may indeed produce a better result for the client who is actually guilty. This being undisputably so, the inherent premise of the majority's reasoning has to be that the *sine qua non* to recovery in criminal defense malpractice is establishment of the plaintiff's innocence of the charges in the underlying criminal action. Clearly, an outstanding conviction based upon a guilty plea can only conclusively negate a later claim of innocence; it does not disprove that, but for defense counsel's negligence, his client would have "fared better" or, as plaintiff claims here, he never even would have been indicted.

Making actual innocence a prerequisite of recovery in criminal defense malpractice, and, by doing so, also making the unfavorable result of the underlying criminal action (i.e., the conviction) itself a conclusive bar to such recovery, introduces a novel requirement which has no analogy in any other form of actionable legal malpractice. The only New York precedent for this position is the Supreme Court, Special Term, case cited by the majority, *Claudio v Heller* (119 Misc 2d 432). That case in turn relied upon *Vavolizza v Krieger* (33 NY2d 351) and *Rastelli v Sutter, Moffatt, Yannelli & Zerin* (87 AD2d 865, *appeal dismissed* 57 NY2d 773) as its only New York authorities. However, in both *Vavolizza* and *Rastelli,* the plaintiffs had previously unsuccessfully litigated the issue of *ineffective*

*assistance of counsel,* either on direct appeal from the underlying conviction or in a postconviction motion. Thus, the preclusion imposed in both *Vavolizza* and *Rastelli* was on the issue of the former attorneys' *negligence,* and not on the issue of the plaintiffs' actual guilt or innocence, the basis of the preclusion applied by the majority here. Indeed, *Vavolizza* rejected the direct application of collateral estoppel as a bar to malpractice recovery solely on the basis of a guilty plea. In referring to its prior ruling in *S. T. Grand, Inc. v City of New York* (32 NY2d 300), the court in *Vavolizza* stated: "We did not hold in that case, *nor do we in this one,* that a conviction after a plea of guilty can serve as a bar to subsequent civil litigation *on the theory that the issues presented in the civil trial were, or could have been, litigated in the criminal proceeding" (Vavolizza v Krieger, supra,* p 356; emphasis supplied). Thus, if anything, the quoted dictum in *Vavolizza* is contrary to the preclusive effect of the guilty plea alone applied by the majority here and by the court in *Claudio v Heller (supra).*

Making actual innocence a necessary element of this malpractice action is also inconsistent with *Cleveland v Cromwell* (110 App Div 82). In that case, the court held that the failure of defense counsel to attack the indictment of the plaintiff on technical and other grounds not on the merits spelled out a case of malpractice, without reference to actual guilt or innocence *(supra,* at pp 86-87). Moreover, to make proof of innocence a condition precedent to recovery in criminal defense malpractice would be inconsistent with the ethical duty of an attorney representing an accused to vigorously seek acquittal by all lawful means, irrespective of the guilt of the client *(Matter of Samuel W.,* 24 NY2d 196, 199, *revd on other grounds sub nom. In re Winship,* 397 US 358; former Canons of Professional Ethics, Canon 5), and fails accurately to reflect the realities of criminal litigation and the role of defense counsel therein *(see,* Kaus & Mallen, *The Misguiding Hand of Counsel—Reflections on "Criminal Malpractice",* 21 UCLA L Rev 1191, 1200-1209). All of these considerations weigh heavily against an intermediate appellate court's creation of a novel and unique impediment to recovery in criminal defense malpractice, as has been accomplished by the majority here.

Additional factors present herein make even less applicable the majority's holding that, without postconviction relief from the criminal judgment, plaintiff's entire claim should be barred. First, the alleged malpractice took place not during the formal criminal proceedings against plaintiff, but in the

earlier Martin Act hearing. That hearing was at an investigatory rather than an accusatory stage of plaintiff's prosecution and, therefore, the full extent of plaintiff's constitutional right to counsel did not apply *(People v Sommer,* 77 Misc 2d 840, 843; *Matter of Kanterman v Attorney-General of State of N. Y.,* 76 Misc 2d 743, 746). This being the case, any deficiencies in plaintiff's representation at the hearing are not necessarily remediable through a postconviction motion to vacate for ineffective representation, despite the adverse effect of the malpractice on the subsequent criminal proceedings. Second, in addition to charging defendants with incompetent representation, plaintiff has also alleged their breach of a fiduciary duty to him by their undisclosed conflict of interest in simultaneously representing other Fittin, Inc. principals and associates. Such a breach of an attorney's fiduciary duty may be actionable and give rise to remedies separate and apart from compensatory damages for any alleged harm suffered by plaintiff on the subsequent criminal conviction *(see,* Restatement [Second] of Torts § 874 comment b [1977]; *see also, McCord v Bailey,* 636 F2d 606, 618-619 [Wald, J., concurring in part and dissenting in part], *cert denied* 451 US 983; *Fielding v Brebbia,* 399 F2d 1003, 1005; *cf. Newman v Silver,* 553 F Supp 485, *mod* 713 F2d 14). These outstanding issues raised by the allegations of the complaint are not conclusively disposed of by the majority's rationale for dismissal, and fully justify Special Term's ruling that the motion for summary judgment was premature and that plaintiff should have an opportunity for obtaining full disclosure in establishing an evidentiary basis for his claims.

For all of the foregoing reasons, I would affirm Special Term's order.

KANE and WEISS, JJ., concur with CASEY, J.; MAHONEY, P. J., concurs in a separate opinion; LEVINE, J., dissents and votes to affirm in an opinion.

Order reversed, on the law, with one bill of costs, motions granted, and complaint and third-party complaint dismissed.