TIMOTHY SPRING v. JAMES C. DAHLMAN.

[FILED MAY 18, 1892.]

1. **Habeas Corpus**: ONE WHO HAS GIVEN BAIL NOT ENTITLED To. A defendant in a criminal prosecution who has given bail for his appearance at the next term of court, and is thereby entitled to his freedom, is not entitled to the writ of *habeas corpus*, since he is not in custody within the meaning of the statute.

2. ——: ——. In such case, if the defendant is desirous of having the legality of the prosecution inquired into by means of the writ of *habeas corpus*, he should first surrender himself into the custody of the sheriff.

ERROR to the district court for Dawes county. Tried below .before CRITES, J.

*Spargur & Fisher,* for plaintiff in error.

*I. N. Harbaugh, contra.*

POST, J.

This was an application for a writ of *habeas corpus* to the district court of Dawes county.

The petitioner demands his discharge on the ground that he has not been brought to trial before the close of the second term of court after the filing of the information against him for murder. We find in the bill of exceptions the following record:

"STATE OF NEBRASKA ⎞
        v.              ⎬ April Term, 1891.
TIMOTHY SPRING.      ⎠

"Now on this 24th day of April, A. D. 1891, this cause coming on to be heard, and the court being advised in the premises that said cause would not be tried at this term, and that said defendant having been held to confinement in the common jail of this Dawes county, Nebraska, for twelve months last past, and that said defendant is and has been in a failing condition of health, and by consent of the county attorney the defendant should be permitted to give bail for his appearance at the next regular term of this court, to-wit, September term, 1891; wherefore the defendant Timothy Spring with his sureties, R. E. W. Spargur and Allen G. Fisher, appear at the bar of the court and acknowledge themselves to be indebted to the state of Nebraska in the sum of $1,000, good and lawful money of the United States, to be void, however, if the said Timothy Spring shall be and appear before this court on the first day of the next regular term thereof to answer the charge contained in said information, and not depart the court without leave, and do and abide by the orders and judgment of the court then made against him. Whereupon the court ordered the defendant Timothy Spring to be released on said recognizance, and that said case stand continued until the next regular term of said court."

The application was rightly denied. In order to entitle the petitioner to the writ there must be an actual confinement or the present means of enforcing it. (9 Am. & Eng. Encyc. of Law, p. 178, and authorities cited; Church on

Habeas Corpus, sec. 94.)    There is no error in the record, and the judgment of the district court is

AFFIRMED.

THE other judges concur.