## ROSE v. WASHINGTON TIMES CO.

Court of Appeals of District of Columbia.

Submitted December 7, 1927. Decided January 9, 1928.

No. 4586.

Limitation of actions ⬅75—Release under bond of one arrested for violating liquor law is not "imprisonment," tolling statute of limitations against libel action (Code § 1265).

Arrest of plaintiff under charge of violating National Prohibition Act and release under bond *held* not to constitute "imprisonment," within Code § 1265, so as to stop running of one-year statute of limitations against action for libel; "imprisonment" being act of putting or confining in prison.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Imprison —Imprisonment.]

Appeal from the Supreme Court of the District of Columbia.

Action by Harry B. Rose against the Washington Times Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

George R. Sherriff and W. C. Burton, both of Washington, D. C., for appellant.

W. J. Lambert and May T. Bigelow, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. On October 25, 1926, appellant, as plaintiff, filed a declaration against appellee to recover damages because of an alleged libelous publication appearing on July 18, 1924, in a newspaper owned and published by appellee. Appellee filed a plea alleging that the cause of action sued upon had accrued more than one year before the commencement of the suit, and was therefore barred by the statute of limitations. Appellant filed a replication alleging that he was imprisoned, and therefore under a disability, from July 18, 1924, until the 1st day of December, 1925, by reason of the fact that he was placed under arrest by the police officials of the District of Columbia, under charges of violating the National Prohibition Act, and that he was then placed under bond and held to bail, and remained under bond continuously from July 18, 1924, until December 1, 1925, when a nolle prosequi of the charge was entered, and his bail and bond were discharged. Appellee filed a demurrer to the replication, which was sustained by the lower court. Appellant elected to stand on the demurrer, whereupon judgment dismissing the case was entered, and this appeal was taken.

23 F.(2d)—63

Section 1265, D. C. Code, requires that actions for libel shall be brought within one year after the accrual of the right of action, but provides, nevertheless, that, if the complaining party be imprisoned at the time when the cause of action accrues, he may bring the action within one year after the removal of such disability. The sole question presented by this appeal is whether the arrest of the appellant by the police officials of the District of Columbia under charges of violating the National Prohibition Act (27 USCA), and his release under bond, and the fact that he remained continuously under bail from July 18, 1924, until December 1, 1925, constituted "imprisonment" within the sense of the statute.

Appellant contends that when an accused is admitted to bail he is in contemplation of law delivered into the custody of his bail, and remains so from the moment when a bond or recognizance is executed until he is discharged or recommitted; that the bail, whenever they choose to do so, may seize the accused and deliver him up for their discharge; that the accused, therefore, when admitted to bail, is not restored to complete liberty of action, but remains subject to a measure of involuntary restraint; and that in law the custody of the bail is but a continuance of the original imprisonment of the accused. Appellant cites numerous authorities in support of these views, none of them, however, having special reference to the use of the word "imprisoned" in the statute of limitations.

The principles involved in the present appeal were passed upon by the Supreme Court of Missouri in Hyde v. Nelson, 287 Mo. 130, 229 S. W. 200, 14 A. L. R. 339. Hyde was indicted for murder, but was admitted to bail, and was continuously under bond until a date when the indictments pending against him were dismissed. Hyde then commenced an action in libel against Nelson. Under the statute of limitations of Missouri, actions for libel were barred unless begun within two years after the right of action accrued, subject, however, to the proviso that, if any person entitled to bring such action was, at the time when the cause of action accrued, "imprisoned on a criminal charge," such person might bring his action within two years after the "disability" was removed. Hyde claimed the benefit of this proviso, upon the ground that he was imprisoned within the sense of the statute during the time when he was under bail. His action was plainly barred unless covered by the proviso. Upon this subject the court said:

"There can be no doubt that the word 'imprisonment' is used in this section in its plain, ordinary meaning. Imprisonment is 'the act of putting or confining a man in prison; the restraint of a man's personal liberty; coercion exercised upon a person to prevent the free exercise of his powers of locomotion.'"

Accordingly the court held that the giving of bail by Hyde under the murder charge did not stop the running of the statute of limitation against his civil action for libel; that the saying that "the principal is supposed to be in the bail's constant custody" is a legal fiction, and that such a condition does not amount to imprisonment or physical restraint; that the purpose of admitting an accused to bail is to relieve him of imprisonment, and in spite of it he is at liberty until his sureties surrender him. The court also referred to the well-established rule that persons discharged on bail are not restrained of their liberty so as to be entitled to discharge on habeas corpus. Hyde's action, therefore, was held not to be within the proviso, but barred by the statute.

We agree with the foregoing decision, and refer to it for the citation of authorities. See, also, 21 Cyc. 1742; 29 C. J. 22; Palmer v. State, 170 Ala. 102, 54 So. 271, Ann. Cas. 1912C, 950; Spring v. Dahlman, 34 Neb. 692, 52 N. W. 567; Sibray v. U. S. (C. C. A.) 185 F. 401; Wales v. Whitney, 114 U. S. 564, 5 S. Ct. 1050, 29 L. Ed. 277; Stallings v. Splain, 253 U. S. 339, 343, 40 S. Ct. 537, 64 L. Ed. 940.

The judgment of the lower court is accordingly affirmed, with costs.