**A. H. CARTER, Appellant,**

v.

**ASSOCIATED TRANSFER AND STORAGE
COMPANY, Incorporated, et al.,
Appellees.**

No. 4564.

Court of Civil Appeals of Texas.

Waco.

Dec. 29, 1966.

Albert H. Carter, pro se.

Charles G. Lowry, Joe Resweber, County Atty., Edward J. Landry, Asst. County Atty., Houston, for appellees.

## OPINION

TIREY, Justice.

This is an appeal from a summary judgment. In the judgment we find this recital: "* * * and the Court * * * being of the opinion that the plea of the two-year statute of limitations of the several defendants is good, and having found from such pleadings and instruments that the plaintiff was not a person imprisoned at the time the cause of action alleged herein accrued, within the meaning of Article 5535, V. A. C. S.; * * * that the motion for summary judgment of the plaintiff A. H. Carter should be in all things overruled and that the motion for summary judgment of the defendant Associated Transfer & Storage Company, Inc., a corporation, and the motion for summary judgment of the defendants Charlie Baulch and Monard Briggs are good and should be in all things sustained, * * *," and decreed accordingly and taxed all costs against plaintiff Carter.

Appellant's point one is that the court erred in its failure to hold: "Appellant's probationary status constituted legal imprisonment, hence neither the two-year nor the three-year statute of limitations had run when his suit was filed."

We affirm the judgment of the trial court.

■ Carter instituted this suit against Associated Transfer and Storage Company, Inc., and Harris County Deputy Constables, Charlie Baulch and Monard Briggs, for the recovery of damages in the aggregate sum of $6,777.50, which he alleged he suffered as a result of damage to his furniture, household goods and other personal property as a result of certain wrongful conduct on the part of the appellees. He specifically alleged that on July 2, 1962, said constables, pursuant to a writ of restitution issuing out of Cause No. 29,935, and styled Johnny C. Warren v. Albert H. Carter, Justice of the Peace Court, Precinct 2 of Harris County, evicted him and removed his personalty from the premises at 3715 Westhampton Street, Houston, Texas; that with the removal of his personal property the constables summoned defendant storage company and removed his property to the warehouse of such storage company; that on July 12, 1962, appellant's property was restored to him by the storage company after he paid for the costs for moving and storage of the property. Thereafter on July 7, 1965, more than two years after the happening of the above described facts, Carter instituted this suit in Fort Bend County, Texas, seeking recovery for damages and losses to his household goods. On plea of privilege the suit was transferred to Harris County, and judgment was rendered on the 26th day of February, 1966 as heretofore stated.

Appellees' Baulch and Briggs Counterpoint I is: "The trial court properly rendered summary judgment against the appellant since this suit insofar as it was brought against the appellees Charlie Baulch and Monard Briggs, is an action in tort governed by Article 5526 V.A.C.S., and as such appellant is barred from a recovery thereon by reason of his delay of more than two years in instituting suit." We sustain this contention. Article 5526, Vernon's Ann.Civ. St., in part, provides: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

"1. Actions of trespass for injury done to the estate or the property of another.

"2. Actions for detaining the personal property of another, and for converting such property to one's own use.

"3. Actions for taking or carrying away the goods and chattels of another."

■■ It is without dispute that the conduct on the part of appellees constables of which appellant complains, occurred on the 2nd day of July, 1962. The last date on which appellant makes no complaint of any wrongful conduct on the part of appellees or the storage company occurred on July 12,

1962, the date on which appellant had his property restored to him by the storage company. The record shows that this suit was instituted on July 7, 1965, over two years after the occurrence of the complained of action and conduct on the part of constables and the storage company. Our view is that appellant's right to recover against said constables and the storage company is barred by Article 5526 aforesaid. The probationary judgment which appellant claims as a bar to the statute of limitation was entered in the U. S. District Court for the Middle District of Georgia, on the 20th day of October, 1961, in which Carter was convicted upon a plea of not guilty of the offense of unlawfully, knowingly, and wilfully and without authority wearing the uniform of an officer of the U. S. Air Force as well as distinctive parts thereof. The judgment recited:

"* * * the imposition of sentence is hereby suspended and the defendant is placed on probation for a period of five (5) years from this date on the condition that he pay a $250 fine at the rate of $50 per month, to begin 30 days from the date of this sentence.

"It is further ordered that during the period of probation the defendant shall conduct himself as a law-abiding, industrious citizen and observe such conditions of probation as the court may prescribe. Otherwise the defendant may be brought before the court for a violation of the court's orders."

There is nothing in the record to indicate that Carter ever violated the provisions of the foregoing judgment of the Federal Court, and he was in Texas and free to go about looking after his business at the time the suit was entered against him, and at the time he was evicted from his place of residence. It is without dispute that Carter at the time his alleged cause of action accrued against him was free on probation as opposed to being restrained or in confinement in a prison. Article 5535, V.A.C.S., provides in part: "If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of

action accrues * * * a person imprisoned * * * the time of such disability shall not be deemed a portion of the time limited for the commencement of the action * * *." Therefore, the sole question here is: Was Carter, at the time this alleged cause of action accrued, a person imprisoned within the contemplation of the disability provided for in Article 5535, since he was free under probation orders of the Federal Court? Our view is that the answer is "No." In Lasater v. Waites, 67 S.W. 518, (Tex.Civ.App., 1902) we find this statement:

"The statute of limitation was interposed as a defense, but was avoided upon the ground that appellee was 'a person in prison,' as provided in our statute on that subject. Rev.St. art. 3373, subd. 4. From March 17, 1894, to July 12, 1898, appellee was confined in the penitentiary under conviction and sentence of the district court of Hunt county for horse theft, and before conviction had been continuously confined in the jail of Hunt county on that charge from August 4, 1893, till he was taken to the penitentiary, except during the time of his absence from jail as an attached witness, when he was still in the custody of the sheriff of Hunt county, through Deputy Keith. It seems to us, therefore, that appellee was to all intents and purposes 'a person in prison,' when the cause of action arose, September 15, 1893, and that he so remained till within less than a year before the filing of this suit." (Reversed on other grounds at 95 Tex. 553, 68 S.W. 500).

It is obvious that the court in the foregoing opinion based its holding upon the undisputed fact that appellant was actually under confinement in prison (and in restraint) when his cause of action accrued as opposed to appellant's situation in this case, the appellant here being free of confinement and restraint, but under the inhibitions of a probationary status. In 24 A.L.R.2d 622, Sec. 5, we find this statement of the rule:

"Generally, the question as to whether or not a plaintiff, from the nature of his

confinement, is 'imprisoned' within the meaning of those saving provisions postponing the running of the statutory period in favor of persons imprisoned, without supplying any statutory definition of the term, *appears to be determined by the practical circumstance of the nature and degree of the restraint imposed upon the plaintiff, as bearing upon his ability or inability in fact to care for his affairs,* and generally, in determining the question, the application of technical rules is avoided except insofar as they tend to support the conclusion based upon practical considerations." (emphasis added).

We think the foregoing rule is sound, and we think it should be the law in Texas and this court so holds. See also Hyde v. Nelson, 287 Mo. 130, 229 S.W. 200, 14 A.L.R. 339 (1921).

In the case of Mitchell v. Greenough, 100 F.2d 184, (C.C.A. 9th, 1938, cert. den. 306 U.S. 659, 59 S.Ct. 788, 83 L.Ed. 1056), we find this statement:

"The purpose of the statute tolling the period of limitation is evidently to protect those who are incapable of protecting themselves by reason of minority, insanity or *actual* imprisonment. *The plaintiff, during the time he was on parole, was under no such disability.* He does not bring himself either within the purpose or letter of the statutory exceptions and it must be held that the action was barred by the two-year period of limitation." (emphasis added).

See also Rose v. Washington Times Co., 57 App.D.C. 385, 23 F.2d 993 (1928, cert. den. 277 U.S. 597, 48 S.Ct. 559, 72 L.Ed. 1006).

Our Supreme Court in State of California v. Copus, 158 Tex. 196, 309 S.W. 2d 227, 67 A.L.R.2d 758 (Jan. 15, 1958, point 6,) made this statement:

" * * * that where the statute creates a right and also incorporates a limitation upon the time within which the suit is to be brought, the limitation qualifies the right so that it becomes a part of the sub-stantive law rather than procedural, and that unless suit is brought within the time allowed by statute no right of action can be maintained even though the law of the forum provides for a longer period of limitation."

It is our view that under the undisputed factual situation here before us, and in view of the provisions of the statutes and the cases that we have cited that appellant's alleged cause of action was barred by the statute of 2-year limitation, and that the judgment entered by the trial court is correct. Once the statute of limitation begins to run it is not interrupted by subsequent events. See Article 5544, R.C.S.; also Blum v. Elkins, Tex. Civ.App., 369 S.W.2d 810, Waco Court, 1963, n. w. h.

We have considered appellant's other points and we find that they are without merit and each is overruled.

Affirmed.