Larry D. CANNON, Appellant,

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

No. 88–124.

District of Columbia Court of Appeals.

Argued Oct. 17, 1989.
Decided Feb. 2, 1990.

Stuart T.F. Huang, Law Student, practicing pursuant to Rule 28, with whom Richard J. Wilson entered an appearance pro hac vice as the Supervising Atty., for appellant. Nancy L. Cook, appointed by this court, was on the brief, for appellant.

Martin B. White, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellees.

Before ROGERS, Chief Judge, TERRY, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

This is an appeal from the trial court's dismissal with prejudice of appellant's complaint against appellees seeking damages for violation of his civil rights pursuant to 42 U.S.C. § 1983 (1982). We affirm. Specifically, appellant alleged in his complaint that in 1968 he was questioned by police concerning his involvement in a criminal incident without being given a so-called *Miranda*[1] warning or otherwise advised of his rights as a juvenile suspect in custody.

The parties to this appeal agree that by reason of appellant's conviction and imprisonment subsequent to his alleged improper interrogation, he was disabled pursuant to the applicable statute of limitations from filing his complaint until he was paroled from such sentence in May 1983. D.C. Code § 12–302(a)(3) (1989 Repl.). They further agree that he had three years from then, *viz.*, until May 1986, to file his complaint under the applicable statute of limitations. D.C.Code § 12–301(8) (1989 Repl.). The record reflects that appellant did not file his complaint until June 1987.[2]

■ Appellant argues that his complaint should not be time-barred. He urges this court "to recognize the fact that, because real disabilities continue after parole, parole is the equivalent of actual imprison-

ment." It has long been established in this jurisdiction that in order for the complaining party to toll the running of the statute of limitations on the ground of disability by reason of imprisonment, such party must be in prison. *Rose v. Washington Times Co.*, 57 App.D.C. 385, 386, 23 F.2d 993, 994, *cert. denied*, 277 U.S. 597, 48 S.Ct. 559, 72 L.Ed. 1006 (1928); *Hunt v. Bittman*, 482 F.Supp. 1017, 1025–26 (D.D.C.1980), *aff'd* 652 F.2d 196, *cert. denied*, 454 U.S. 860, 102 S.Ct. 315, 70 L.Ed.2d 158 (1981). This rule appears to be followed generally. *See Boag v. Chief of Police, City of Portland*, 669 F.2d 587, 589 (9th Cir.), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982); *Jordan v. State*, 290 N.Y.S.2d 621, 625, 56 Misc.2d 1032 (N.Y.Ct.Cl.1968); *Jepson v. Stubbs*, 555 S.W.2d 307, 311 (Mo. 1977) (*en banc*); *Jimenez v. Maloney*, 646 S.W.2d 673, 674–75 (Tex.App.1983). In any event, we are not persuaded that appellant in this case had "real disabilities" from litigating while on parole, so as to toll the statute of limitations, given the fact that during the service of his first sentence in prison he was vigorously litigating in this jurisdiction, *Cannon v. United States*, 207 U.S.App.D.C. 203, 645 F.2d 1128 (1981), and after he was re-imprisoned under his second sentence he then filed this action.

■ Appellant also argues that "appellees should be estopped from asserting the statute of limitations because of their fraudulent concealment." Specifically, appellant asserts that the police failed to advise him of his *Miranda* rights when they questioned him prior to his first conviction and that this constituted fraudulent concealment, thereby tolling the statute of limitations. Appellant did not raise this contention in the trial court and therefore we cannot consider the issue on appeal unless our declination to do so would permit a clear miscarriage of justice to occur. *District of Columbia v. Gray*, 452 A.2d

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Appellant acknowledges, that in March 1985, he was re-arrested "for unrelated offenses" and returned to prison. Appellant concedes that he cannot "tack on" this second term of imprisonment to his prior sentence in order to show a continuing disability under the statute of limitations. *See Kaiser v. Cahn*, 510 F.2d 282 (2d Cir.1974).

962, 964 (D.C.1982); *William J. Davis, Inc. v. Young,* 412 A.2d 1187, 1189 n. 2 (D.C. 1980). We perceive no such exceptional circumstances here. Appellant's complaint in this case refers to his first criminal conviction which occurred in the United States District Court for the District of Columbia. *See Cannon v. United States, supra,* 207 U.S.App.D.C. at 205 n. 6, 645 F.2d at 1130 n. 6. The docket in that case[3] reflects that appellant had an attorney shortly after the interrogation by the police in 1968 of which he now complains, and that his counsel filed various pretrial motions.

Thus, even assuming the police themselves deliberately concealed from appellant his rights at the time they questioned him, he did have an attorney soon thereafter to counsel him as to his rights and to pursue such rights against the government as the circumstances warranted.

*Affirmed.*

---

**3.** Proceedings in related cases may be judicially noticed. *Coleman v. Burnett,* 155 U.S.App.D.C. 302, 313, 477 F.2d 1187, 1198 (1973).