**James Lewis BROWN, Jr., Appellant,**

v.

**Donald Wheeler JONZ, Appellee.**

**No. 89–72.**

District of Columbia Court of Appeals.

Argued Feb. 21, 1990.

Decided April 5, 1990.

Patrick M. Sheller, pro hac vice, with whom Thomas A. Lemmer, Washington, D.C., appointed by the court, was on the brief, for appellant.

Donald Wheeler Jonz, pro se.

Before NEWMAN, BELSON, and STEADMAN, Associate Judges.

BELSON, Associate Judge:

James Lewis Brown brought an action against Donald Wheeler Jonz for legal malpractice allegedly committed during the course of Jonz's unsuccessful representation of Brown in a criminal matter. The trial court granted Jonz's motion for dismissal on the basis that the statute of limitations on the claim had expired.[1] Because the statute of limitations governing Brown's claim for legal malpractice was tolled pursuant to D.C.Code § 12–302(a)(3) (1989 Repl.) due to his imprisonment at the time his cause of action accrued, the trial court erred in dismissing Brown's claim. Accordingly, we reverse and remand this matter to the trial court.

---

1. Although the trial court's order fails to explain the reasons supporting its decision to dismiss Brown's claim, because Jonz pressed for dismissal solely on the basis that the statute of limitations had run, it follows that the trial court dismissed the claim on this ground.

## I.

On December 20, 1983, the Superior Court entered an order adjudicating appellant guilty of robbery and sentencing him to a lengthy term of imprisonment. On May 25, 1988, Brown filed a *pro se* complaint alleging contractual and constitutional claims against Jonz asserting, *inter alia,* that Jonz, his attorney in the criminal proceeding, had prejudiced Brown's defense by failing to investigate fully his alibi defense, interview alibi witnesses, conduct proper discovery, and have a bullet analyzed in a crime laboratory and introduced at trial to corroborate his alibi. Brown asserts that he was in the emergency room of a hospital being treated for an accidental self-inflicted gunshot injury during the time of the robbery of which he was convicted, but that Jonz failed to interview many witnesses, including hospital personnel, who could have confirmed this.

Jonz filed a motion to dismiss Brown's complaint on the ground that the three-year statute of limitations for breach of contract actions for professional services under D.C.Code § 12–301 (1989 Repl.) had run. The trial court granted the motion. This appeal followed.

## II.

■ Brown argues that the trial court erroneously dismissed his complaint because the statute of limitations on Brown's claim for legal malpractice was tolled until the time Brown filed his complaint pursuant to D.C.Code § 12–302(a)(3) (1989 Repl.).[2] While the record on appeal is sparse, Jonz conceded at oral argument that Brown was imprisoned during his criminal trial, and that the imprisonment continued from the time of his conviction on July 20, 1983, through his sentencing on December 20, 1983.[3] It appears that Brown was returned to confinement upon being sentenced and remained in prison at least until he filed suit against Jonz.[4] Accordingly, the record shows that Brown was disabled due to his imprisonment[5] under D.C.Code § 12–302(a)(3) at all times that his cause of action for legal malpractice against Jonz could have accrued.

■ A cause of action for legal malpractice normally accrues on the date the client suffers actual injury. *Weisberg v. Williams, Connolly & Califano,* 390 A.2d 992, 994 (D.C.1978). *See also Fort Myers Seafood Packers, Inc. v. Steptoe and Johnson,* 127 U.S.App.D.C. 93, 94, 381 F.2d 261, 262 (1967), *cert. denied,* 390 U.S. 946, 88 S.Ct. 1033, 19 L.Ed.2d 1135 (1968). Therefore, a cause of action for malpractice in a criminal proceeding ordinarily would accrue upon the date of judgment when sentence is imposed, although there may be circumstances when it would accrue sooner. In a case similar to the one at bar, the United States District Court for the District of Columbia ruled that a person's cause of action for malpractice against his criminal defense counsel accrued no later than on the date he was "sentenced to prison and immediately incarcerated."

2. Section 12–302(a) provides, in pertinent part, that "when a person entitled to maintain an action is, at the time the right of action accrues ... (3) imprisoned—he or his proper representative may bring action within the time limited after the disability is removed."

3. Indeed, the record indicates that at the time Brown was sentenced for robbery on December 20, 1983, he had continuously been in prison since May 24, 1982. Department of Corrections Progress Report (Oct. 9, 1986), Exhibit B to Brown's Motion to Supplement the Record. As counsel for Brown conceded at oral argument, this document indicating Brown's imprisonment was not before the trial court.

4. The record demonstrates that Brown was imprisoned at Lorton Reformatory from the time of his sentencing through May 1987 when he was transferred to El Reno, Oklahoma. The record further shows that Brown remained imprisoned at El Reno at the time he filed his complaint in May 1988.

5. Although "imprisoned" under D.C.Code § 12–302(a)(3) is not defined in the statute, the plain and ordinary meaning of this term is broad enough to encompass pretrial detention and other forms of confinement. *See Rose v. Washington Times Co.,* 57 App.D.C. 385, 386, 23 F.2d 993, 994 (release on bail does not constitute imprisonment), *cert. denied,* 277 U.S. 597, 48 S.Ct. 559, 72 L.Ed. 1006 (1928). *See also Cannon v. District of Columbia,* 569 A.2d 595, 596 (D.C.1990) (parole does not qualify as a disability that will toll the statute of limitations).

*Hunt v. Bittman,* 482 F.Supp. 1017, 1022 (D.D.C.1980), *aff'd,* 209 U.S.App.D.C. 203, 652 F.2d 196, *cert. denied,* 454 U.S. 860, 102 S.Ct. 315, 70 L.Ed.2d 158 (1981). Because Brown's conviction was not final until the day he was sentenced, *see West v. United States,* 346 A.2d 504, 505 (D.C. 1975), it is unlikely that he suffered any actual injury until that day. Under the circumstances of this case, the earliest possible time Brown's cause of action could have accrued would have been at the time of his conviction. Because this record clearly demonstrates that Brown was imprisoned at all relevant times, his cause of action for legal malpractice was tolled until he filed his *pro se* complaint in May 1988.

It follows then that the three-year statute of limitations [6] applicable to Brown's claim for legal malpractice against Jonz was tolled until the time Brown filed his law suit. Accordingly, the trial court's decision dismissing Brown's complaint must be reversed and this case remanded to the trial court for the reinstatement of Brown's complaint.[7]

*It is so ordered.*

---

**6.** Claims for legal malpractice must be brought within three years of the date the client suffers actual injury. *Hunt v. Bittman, supra,* 482 F.Supp. at 1020; *Weisberg v. Williams, Connolly & Califano, supra,* 390 A.2d at 994. *See* D.C. Code § 12–301 (1989 Repl.).

**7.** As an alternative basis for affirmance, Jonz advances an argument not raised in the trial court, *viz,* that this court's decision on Brown's direct appeal of his criminal conviction that Brown was *not* deprived of his Sixth Amendment right to the effective assistance of counsel effectively decided Brown's civil action for legal malpractice on the merits. *See Brown v. United States,* 518 A.2d 415, 422–23 (D.C.1986), *cert. denied,* 485 U.S. 978, 108 S.Ct. 1274, 99 L.Ed.2d 485 (1988). This argument is without merit. Our decision that Brown's Sixth Amendment right to the effective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984) was not violated in no way precludes Brown from bringing a civil action based primarily on Brown's allegations of Jonz's breach of contract due to negligent legal representation. *See Kowalak v. United States,* 534 F.Supp. 186, 190 (E.D.Mich.1982), *aff'd,* 714 F.2d 143 (6th Cir.

1983) (distinguishing a legal malpractice claim from an ineffective assistance of counsel claim under the Sixth Amendment).

We are similarly unpersuaded by Jonz's policy argument that the disability provision of D.C. Code § 12–302(a)(3) is inapplicable to Brown because he pursued his right to appeal his criminal conviction while in prison. The fact that Brown was able to pursue the appeal of his criminal conviction while imprisoned does not establish the satisfaction of the purposes underlying the application of such a tolling provision. *See Hardin v. Straub,* — U.S. —, 109 S.Ct. 1998, 2003, 104 L.Ed.2d 582 (1989) (inmates may have difficulty establishing the validity of legal claims while imprisoned). The only condition for applying the tolling provision is that a person must be imprisoned when the cause of action accrues. *See Cannon v. District of Columbia, supra,* 569 A.2d at 596 ("It has long been established in this jurisdiction that in order for the complaining party to toll the running of the statute of limitations on the ground of disability by reason of imprisonment, such party must be in prison.").