George Walter SIMPSON, Plaintiff,

v.

**D.C. METROPOLITAN POLICE DEPARTMENT, et al., Defendants.**

Civ. A. No. 92–0022.

United States District Court, District of Columbia.

March 17, 1992.

George Walter Simpson, pro se.

James A. DeVita, Asst. Corp. Counsel, Washington, D.C., for defendants.

## ORDER

REVERCOMB, District Judge.

The *pro se* plaintiff's action arises from a drug raid on an apartment located in the District of Columbia conducted by officers of the Metropolitan Police Department (MPD) on May 11, 1988. Plaintiff's complaint, filed on January 3, 1992, asserts in essence that he was inside the apartment when the officers entered unlawfully, beat him, and then arrested him on false charges of possession of a controlled substance. It also asserts that a subsequent "police report or arrest record which was filed was erroneous," and that later consideration of this erroneous arrest information by the United States Parole Commission resulted in revocation of plaintiff's parole. The complaint names as defendants the MPD and 14 individual police officers, as well as "officer's [sic] known and unknown," but not the District of Columbia. Plaintiff appears to seek compensatory and punitive damages.

On February 14, 1992, the District of Columbia moved this Court to dismiss the complaint or, in the alternative, for summary judgment, presumably on behalf of both the MPD and the individual officers, although the pleading does not expressly so state. Plaintiff responded to this motion, out of time, on March 11, 1992.

The Court has carefully reviewed the complaint, which runs for some 25 pages with an addendum, as well as plaintiff's response, and it agrees with the District of Columbia's assessment that "it would appear that [plaintiff] is attempting to allege the common law torts of false imprisonment, assault and battery, and abuse of process[,] as well as violations of his 4th, 5th and 14th Amendment rights under 42 U.S.C. Section 1983 or directly under the Constitution"; plaintiff restates this assessment without contradiction in his response. The District seeks dismissal on grounds that both the common law tort claims and federal claims are time-barred under the appropriate statutes of limitations, and that the constitutional claims fail to state a cause of action upon which relief can be granted because plaintiff cannot demonstrate a link between a custom, policy, or practice of the District of Columbia and the constitutional violations alleged. For the reasons set forth below, the District's motion to dismiss is denied at this time.

As a preliminary matter, while a complaint must normally name the District of Columbia as a defendant if District funds are to be reached, as undoubtedly they would be by this lawsuit, "when the realities demonstrate that the District is an intended defendant, its omission as a formal matter is [not] fatal to a plaintiff's suit." *Parker v. District of Columbia,* 588 F.Supp. 518, 522 (D.D.C.1983) (citing *Keith v. Washington,* 401 A.2d 468, 471 (D.C.App.1979) (suit for battery and false imprisonment by District corrections officers)). The Court finds that plaintiff's naming of the MPD in his complaint, and of the District itself in his response, demonstrates that the District is an intended defendant. Accordingly, the District has standing to move for dismissal.

Plaintiff identifies himself as a District resident; hence, his common law tort actions are before this Court as pendant to the federal statutory and constitutional claims, and the District's statutes of limitations apply to these tort claims. As to the false imprisonment and assault and battery claims, the District points out that D.C.Code Section 12–301(4)(1981) provides expressly for a one-year statute of limita-

tions for both. Accordingly, under normal circumstances, these two claims must have been brought by May 11, 1989, to escape the time bar. As stated, plaintiff brought this action two months ago.

The District also asserts, without support, that Section 12–301(4)'s one-year limitation applies to the abuse of process claim, although this action is not expressly addressed in Section 12–301(4). The Court notes that abuse of process is related to the tort of malicious prosecution, *Dant v. District of Columbia*, 829 F.2d 69, 76 (D.C.Cir. 1987), which is expressly provided for by Section 12–301(4), and that the one-year limitation therefore likely does apply to it. In any event, this claim would be covered by the three-year miscellaneous limitation, 12–301(8), covering actions "for which a limitation is not otherwise specifically prescribed."

As to accrual of this third tort claim, the District's memorandum focuses on the May 11, 1988, date of the raid and arrest, presumably because plaintiff alleges in his complaint that the raid was based on a flawed search warrant and that he was falsely charged pursuant to the raid with possession of a controlled substance. The Court finds that whatever tort action might be found to lie against the defendants as a result of these alleged actions would also be time-barred, under normal circumstances, by either Sections 12–301(4) or (8).

Plaintiff's response also indicates alleged injury stemming from "use[ ] against him ... [of] the disputed arrest (police) report ... during an unrelated parole revocation hearing, held January 18, 1989," as a result of which plaintiff "was remanded to custody, even though the criminal case was dismissed." Plaintiff attributes this injury both to the MPD for furnishing the records and to the United States Parole Commission for "use [of] the police report instead of the verity of Court documents." First, the Court notes that plaintiff does not name the Parole Commission as a defendant in this case, and the Court declines to include the Commission as an intended defendant.[1] Second, there is no assertion in plaintiff's pleadings from which the Court could conclude that the District, the MPD, or any officer "initiated" the 1989 parole revocation proceedings " 'to accomplish an end unintended by law,' " which is requisite to an action for abuse of process. *See Rauh v. Coyne*, 744 F.Supp. 1186, 1193–94 (D.D.C.1990) (citing *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C.1980)). In this regard, therefore, the Court finds that the plaintiff fails to state a cause of action upon which relief can be granted against the defendants in this case.

As to plaintiff's remaining claims, 42 U.S.C. 1983 creates a cause of action for "deprivation of *any* rights" by the District of Columbia that are "secured by the Constitution and laws." Plaintiff's pleadings make clear that claims as they relate to the MPD, its officers, and the District, also arise from the May 11, 1988, raid and subsequent arrest and not from some later event. Accordingly, these claims would be, under normal circumstances, time-barred by D.C.Code Section 12–301(8)'s three-year statute of limitations, which applies to all actions arising under Section 1983. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Banks v. C & P Telephone Co.*, 802 F.2d 1416, 1418–21 (D.C.Cir.1986).

Having established the applicable statutes of limitations, the Court must consider

---

1. In a June 4, 1990, letter to United States Attorneys Office in the District of Columbia, one of numerous attachments to plaintiff's complaint, plaintiff states that he had recently initiated a *habeas corpus* action against the Parole Commission in the U.S. District Court for the District of Connecticut for the Commission's alleged unconstitutional consideration of the police report. Plaintiff states in his complaint that he has "undergone litigation with the Parole Commission before and knew that [there] was no fairness with this particular *government agency*."

whether these limitations should be tolled because plaintiff has been incarcerated for a period of time since May 11, 1988. D.C.Code Section 12–302(a)(3) provides for tolling of the time limits contained in Section 12–301 when a complainant is "imprisoned ... at the time the right of action accrues." It is clear that Section 12–302(a)(3) acts to toll when, as here, a plaintiff alleges tortious injury inflicted by police officers during an arrest that results in his incarceration. *McClam v. Barry,* 697 F.2d 366, 371 (D.C.Cir.1983). It is also clear that a cause of action normally accrues at the time a complainant suffers actual injury—in this case, on or about May 11, 1988—*Cf. Brown v. Jonz,* 572 A.2d 455 (D.C.App.1990), and that release from incarceration removes the toll and commences running of the statute. *Hunt v. Bittman,* 482 F.Supp. 1017, 1025–26 (D.D.C.1980), *aff'd,* 652 F.2d 196 (D.C.Cir.), *cert. denied,* 454 U.S. 860, 102 S.Ct. 315, 70 L.Ed.2d 158 (1981). Finally, a complainant must be in prison, and not on parole, in order for the limitation to be tolled, and a complainant who is rearrested for unrelated offenses may not, under normal circumstances, tack on this second term of imprisonment to the prior sentence in order to continue the tolling. *Cannon v. District of Columbia,* 569 A.2d 595 (D.C.App. 1990).

■ However, when a literal application of a state's statute of limitation tolling provision would work an injustice, a federal court has a duty to apply a federal common law interpretation to the provision, especially in cases of civil rights claims. *See Kaiser v. Cahn,* 510 F.2d 282, 286 (2d Cir.1974). In this case, the plaintiff asserts that he was arrested on May 11, 1988, as a result of the drug raid, and was assigned counsel under the Criminal Justice Act on May 29, 1988. He also asserts that his case was assigned to the Honorable [D.C. Superior Court] Judge Peter Wolf in criminal number M 5528–88, which incidentally was terminated by his Court on August 24, 1988 for "Want of Prosecution". The following day, United States Federal Marshall's lifted their *detainer* and served the plaintiff with a parole violation warrant.

(emphasis added). Further, as noted, plaintiff states in his response that a "unrelated parole revocation hearing" was held on January 18, 1989, and that parole was revoked. These alleged facts, when viewed together with various correspondence attached to plaintiff's pleadings and other assertions contained in the pleadings, viewed in the light most favorable to the plaintiff on this motion to dismiss, indicate the distinct likelihood that plaintiff was incarcerated by either the District of Columbia or federal authorities continuously from May 11, 1988, until at least July 1991 and possibly to this very date. Given this prospect, the Court declines to dismiss the plaintiff's claims as time-barred unless and until the defendants demonstrate that plaintiff was free from incarceration for a sufficient period of time, either before or after August 25, 1988, such that the "disability" of imprisonment protected by Section 12–302(a)(3) should have been lifted from his rights of action. *See Cannon, supra,* 569 A.2d at 596.

■ The Court also declines at this time to grant the District's additional motion to dismiss the Section 1983 claims against it, and presumably against the MPD, on grounds that plaintiff cannot demonstrate a link between these alleged violations and the customs, policies and practices of the District. As the sole support for its argument, the District cites *Carter v. District of Columbia,* 795 F.2d 116, 122 (D.C.Cir. 1986), a case that deals not with dismissal under Fed.R.Civ.P. 12(b)(6), but rather with the propriety of a directed verdict in favor of the District. The Court notes that plaintiff alleges in his pleadings that the MPD failed to adequately supervise the officers who beat and falsely arrested him and therefore is liable under Section 1983. This assertion is sufficient for purposes of Rule 12(b)(6), and summary judgment would be premature based solely on plaintiff's complaint and response.

Finally, the Court notes that plaintiff moved on March 11, 1992, for appointment of counsel from the *pro bono* panel to

assist him in this suit. The Court believes that such an appointment would be appropriate in this case given the number of facts yet to be established, their probable bearing on the timeliness and viability of plaintiff's causes of action, and the quality of plaintiff's *pro se* pleadings.

For these reason, it is

ORDERED that the defendants' motion to dismiss is DENIED. It is further

ORDERED that the Clerk of this Court shall appoint counsel for the plaintiff from the Civil *Pro Bono* Panel in accordance with Local Rule 702.1. Plaintiff will have 60 days from the date of this order to amend his complaint, after which this Court may consider any additional dispositive motions.