Percy William SMITH, Appellant,

v.

**PUBLIC DEFENDER SERVICE FOR THE DISTRICT OF COLUMBIA and Avis E. Buchanan, et al., Appellees.**

No. 95–CV–363.

District of Columbia Court of Appeals.

Submitted Oct. 3, 1996.

Decided Dec. 12, 1996.

---

Percy William Smith, pro se.

Mark S. Carlin, Washington, DC, was on the brief for appellee Public Defender Service.

Thomas B. Mason was on the brief, for appellees Avis E. Buchanan, et al.

Before STEADMAN and SCHWELB, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Appellant Percy William Smith appeals the trial court's grant of appellees', Public Defender Service's and Avis E. Buchanan's, motions to dismiss his civil action against them with prejudice. In an amended complaint Smith claims Buchanan, then a member of the Public Defender Service, committed legal malpractice in her representation of him in a criminal case. He asserts that Buchanan's errors are actionable under theories of breach of contract, negligence, negligent infliction of emotional distress, and deprivation of rights under 42 U.S.C. § 1983. We affirm.

## I.

On August 16, 1988, Smith was convicted of carnal knowledge and sodomy of a four-year-old girl. *United States v. Percy Smith*, Crim. No. F–5736–88. Following his conviction, Smith alleged ineffective assistance of counsel contending that Buchanan was negligent in investigating his claim that he was on blood pressure medication that rendered him impotent and thus unable to commit the crime charged.

Judge Gladys Kessler held an evidentiary hearing in response to Smith's ineffective assistance of counsel motion under D.C.Code § 23–110 (1989). Smith testified that Buchanan failed to investigate his claims of impotency and failed to present an available and meritorious defense at trial. Smith did not call his doctor or any other expert witness to testify at the hearing. Buchanan testified that she had contacted Smith's doctor, who indicated that Smith had not been taking the medication long enough nor in a large enough quantity to produce impotence. Buchanan also testified that she told Smith that his doctor indicated that he (the doctor) could not testify favorably about the medicine causing impotence. Judge Kessler ruled against Smith and found that Buchanan's level of representation met the constitutional standards and the court's high standards for adequacy of representation.

Smith subsequently appealed both his conviction and Judge Kessler's denial of relief under § 23–110. We affirmed both the conviction and the ruling. *(Percy W.) Smith v. United States*, Nos. 88–1518 & 89–264 (D.C. Oct. 29, 1990). On December 20, 1993, Judge Kessler denied another § 23–110 motion and, a year and a half later, denied Smith's request for a writ of coram nobis which alleged his attorney failed to investigate his impotence from medication. Smith then filed his amended complaint alleging malpractice. The trial court granted the defendants' motions to dismiss.

## II.

■ The doctrine of collateral estoppel bars "relitigation of issues of fact or law determined in a prior proceeding which were essential to that judgment." *Oubre v. District of Columbia Dep't of Employment Servs.*, 630 A.2d 699, 703 (D.C.1993). The determination of the prior proceeding " 'is conclusive in a subsequent action between the parties, whether on the same or a different claim.' " *Ali Baba Co. v. WILCO, Inc.*, 482 A.2d 418, 421 (D.C.1984) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27).

■ Smith is barred from relitigating his claims because all of the issues of fact were litigated and determined before Judge Kessler in the § 23–110 hearing. After Smith presented all his evidence and Buchanan testified, Judge Kessler found Buchanan had investigated Smith's claim and determined that Smith's doctor's testimony would not have helped Smith's case in part because Smith had not been taking the medicine for a

long enough time or in a large enough quantity to be rendered impotent. In fact, the doctor did not know whether Smith was taking medication at the time of the alleged incident. Judge Kessler's findings from the ineffective counsel hearing preclude Smith's legal malpractice claims that Buchanan failed to investigate his medical condition and introduce at trial evidence of impotence. Smith's amended complaint was properly dismissed based on the doctrine of collateral estoppel.

## II. (A)

Our holding today is not inconsistent with our decision in *Brown v. Jonz*, 572 A.2d 455 (D.C.1990). There a convicted criminal defendant sued his attorney for malpractice and the trial court dismissed the claim because the statute of limitations had expired. We reversed after finding the statute had been tolled because of the defendant's imprisonment. Previously we had decided that defendant Brown's Sixth Amendment right to the effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984) had not been violated. We noted in the malpractice case that this prior decision did not preclude the defendant from bringing a civil action based primarily on his allegations of his attorney's breach of contract due to negligent legal representation. *Brown, supra*, 572 A.2d at 457 n. 7.

*Brown*'s holding is limited to the proposition that legal malpractice claims are not automatically barred whenever a plaintiff has pursued unsuccessfully a claim for ineffective assistance of counsel. Different legal standards of care apply to each of these. Our decision was a rejection of the approach taken by some courts which have concluded that the standards for ineffective assistance of counsel and legal malpractice are essentially equivalent. These courts have held that the denial of an ineffectiveness claim by necessity bars a malpractice action, or alternatively, have barred malpractice relief unless and until the underlying criminal conviction is successfully attacked. *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497–98 (Tex.1995); *Morgano v. Smith*, 110 Nev. 1025, 879 P.2d 735, 737 (1994); *Stevens v. Bispham*, 316 Or.

221, 851 P.2d 556, 561 (1993) (en banc); *Bailey v. Tucker*, 533 Pa. 237, 621 A.2d 108, 115 (1993); *Shaw v. State*, 816 P.2d 1358, 1360 (Alaska 1991); *Johnson v. Schmidt*, 719 S.W.2d 825, 826 (Mo.Ct.App.1986); *Carmel v. Lunney*, 119 A.D.2d 50, 505 N.Y.S.2d 735, 736 (1986) (individuals convicted by means of guilty plea), *aff'd*, 70 N.Y.2d 169, 518 N.Y.S.2d 605, 511 N.E.2d 1126 (1987); *Weiner v. Mitchell, Silberberg & Knupp*, 114 Cal. App.3d 39, 170 Cal.Rptr. 533, 538 (1981).

## III.

In filing her motion to dismiss, Buchanan attached a number of opinions and orders, as well as a brief and a transcript. We hold that these materials do not constitute "matters outside the pleading" requiring consideration of the motion as a motion for summary judgment under Super. Ct. R. of Civ. P. 56. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994) (documents filed in other state court proceedings not considered "matters outside the pleadings"); *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986) (administrative records and reports and matters of public record not "matters outside the pleadings"); *Nix v. Fulton Lodge No. 2*, 452 F.2d 794, 797–98 (5th Cir.1972) (court opinions), *cert. denied*, 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972); *Implement Serv., Inc. v. Tecumseh Prods. Co.*, 726 F.Supp. 1171, 1175–76 (S.D.Ind.1989) (public records and documentary complaint exhibits). In addition, "[p]roceedings in related cases may be judicially noticed" and considered in the context of a motion to dismiss. *Cannon v. District of Columbia*, 569 A.2d 595, 597 n. 3 (D.C.1990).

*Affirmed.*

## POSTSCRIPT

In deciding *Brown v. Jonz*, 572 A.2d 455 (D.C.1990), the panel of this court, which included both Judge Steadman and me, was compelled to decide whether Brown's claim for legal malpractice was precluded by a prior adverse determination of his claim that his criminal conviction should be reversed on grounds of ineffective assistance of counsel.

See *Brown v. United States*, 518 A.2d 415, 422–23 (D.C.1986), *cert. denied*, 485 U.S. 978, 108 S.Ct. 1274, 99 L.Ed.2d 485 (1988). As we said in *Brown v. Jonz*, our decision that Brown's Sixth Amendment right to the assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984) was not violated in no way precluded Brown from bringing a civil action based primarily on Jonz's breach of contract due to negligent legal representation. *Id.* at 457 n. 7.

In reaching the holding in what is now becoming this noteworthy footnote 7, the court was aware that, in the District of Columbia, there is only one standard of care by which the defendant's conduct is measured. It "is often stated as 'that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances.'" *Morrison v. MacNamara*, 407 A.2d 555, 560 (D.C.1979) (quoting *Washington Hosp. Ctr. v. Butler*, 384 F.2d 331, 335 (1967)). Our jurisprudence in the negligence area sets the standard of care as "due care" while recognizing that what constitutes "due care" may vary depending upon circumstances. *Blumenthal v. Cairo Hotel Corp.*, 256 A.2d 400, 402 (D.C.1969).

In deciding that the Sixth Amendment determination was not preclusive of Brown's legal malpractice (negligence) claim, the court was aware of the Sixth Amendment standard set forth in *Strickland v. Washington, supra*, 466 U.S. at 687, 104 S.Ct. at 2064. As the Supreme Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable. Unless a defendant makes both showings,

> it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687, 104 S.Ct. at 2064.

Simply stated, the division in Brown held that what constitutes "due care" in representing a client in a criminal case is more than the constitutional minimum set by *Strickland*.

I could not then, nor can I now, foresee of any circumstance where what constitutes due care, will be so low as to be only that which is the constitutional minimum. Apparently, neither could the division. The flat, unambiguous holding of footnote 7 in *Brown*: "due care" in legal malpractice cases requires more than the constitutional minimum. The holding is not the standards "are not always essentially the same." Concurring opinion of Judge Steadman at p. 213. Rather the holding is the standards are not the same. I agree that there are issues, other than the standard of care, which *Brown v. Jonz* does not address. Whether due care can ever be coextensive with *Strickland v. Washington* is not one of them.

In my view, the position taken on this point by my concurring Brethren is in violation if *M.A.P. v. Ryan*, 285 A.2d 310 (D.C. 1971) (only the en banc court can overrule a prior division opinion). Only further decisions of this court will determine whether I am correct in this view.

STEADMAN, Associate Judge, with whom SCHWELB, Associate Judge, joins, concurring:

I am in complete agreement with Judge Newman's opinion, with a single caveat relating to the holding in footnote 7 of *Brown v. Jonz*, 572 A.2d 455 (D.C.1990). It is clear to me, as Judge Newman states, that that holding is limited to the proposition that legal malpractice claims are not automatically barred whenever a plaintiff has pursued unsuccessfully a claim for ineffective assistance of counsel. That holding reflects, at the least, the position that the standards for ineffective assistance and legal malpractice

are not always essentially equivalent.[1]  I see no occasion to explore that holding further for purposes of this appeal.  As the cases cited by Judge Newman themselves illustrate, as indeed does this very appeal before us, there may be aspects of civil litigation against criminal defense attorneys, in addition to questions of the standard of care, which were not addressed by *Jonz. See generally* Gregory G. Sarno, Annotation, *Legal Malpractice in Defense of Criminal Prosecution,* 4 A.L.R.5th 273 (1992).

1. *Jonz* was a civil action "based primarily on Brown's allegations of Jonz's breach of contract." *Id.* Brown had hired Jonz as his defense attorney to represent him in the criminal proceeding.