**Kenneth Adolphus HINTON, Appellant**

**v.**

**James W. RUDASILL, Jr., Appellee.**

**No. 09–7071.**

United States Court of Appeals,
District of Columbia Circuit.

June 30, 2010.

See also 275 Fed.Appx. 19.

Kenneth Adolphus Hinton, Arlington, VA, pro se.

James W. Rudasill, Jr., Washington, DC, pro se.

BEFORE: ROGERS, GARLAND, and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

■ **ORDERED AND ADJUDGED** that the district court's order filed June 12, 2009, 624 F.Supp.2d 48, dismissing the complaint be affirmed. "Under District of Columbia law, to prevail on a claim of legal malpractice, a plaintiff must establish the applicable standard of care, a breach of that standard, and a causal relationship between the violation and the harm complained of." *Biomet Inc. v. Finnegan Henderson LLP,* 967 A.2d 662, 664 (D.C. 2009). This court's holding rejecting appellant's claim of ineffective assistance of counsel on direct appeal precludes appellant from asserting harm resulting from the loss of an opportunity to contest his state law conviction or the failure of his attorney to inform the district court of appropriate factors to consider. *See Smith v. Public Defender Serv. for the District of Columbia,* 686 A.2d 210, 212 (D.C.1996) (holding that under doctrine of collateral estoppel, factual findings from hearing on claim of ineffective assistance of counsel precluded legal malpractice claim, even though legal standards for these claims were not equivalent). To the extent appellant's complaint alleged facts not considered in the decision on direct appeal, those facts do not support any causal relationship between a breach of care by appellee and harm to appellant. Therefore, appellant has not stated a claim of malpractice. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (allegations of complaint "must be enough to raise a right to relief above the speculative level"). Moreover, appellant cannot recast his malpractice claim as a breach of fiduciary duty claim, *see Biomet,* 967 A.2d at 670, n. 4, and he has not shown that his claims of negligence, breach of care, breach of trust, and bad faith are distinguishable from his malpractice claim.

■ Further, the district court correctly concluded that the complaint did not state the elements required for a claim of intentional infliction of emotional distress. *See Kotsch v. District of Columbia,* 924 A.2d 1040, 1045–46 (D.C.2007) (describing elements required for such a claim). The district court also correctly dismissed appellant's claim of ineffective assistance of counsel under the Sixth Amendment. Because appellee did not act as a federal official or under color of state law in his capacity as appellant's court-appointed defense attorney, appellant cannot bring a damages claim for a constitutional violation against appellee under either *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Christian v. Crawford,* 907 F.2d 808, 810 (8th Cir.1990). For the foregoing reasons, dismissal of the complaint was proper under 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.