Vicente QUIROZ, Appellant

v.

John Thomas MORAN, Jr.,
et al., Appellees

No. 17-5139

September Term, 2017

United States Court of Appeals,
District of Columbia Circuit.

Filed On: November 15, 2017

Rehearing En Banc Denied
January 23, 2018

Vicente Quiroz, Pro Se

R. Craig Lawrence, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendants-Appellees

BEFORE: Henderson, Kavanaugh, and Millett, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed May 12, 2017, be affirmed. Appellant does not challenge the dismissal of his claims against appellee Moran on res judicata grounds, and accordingly any such challenge is deemed to have been waived. United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

With respect to appellant's claims against the United States and the U.S. Public Defender's Office, his claim under 42 U.S.C. § 1983 fails as a matter of law because he offers no basis to conclude those entities acted under color of state law. See 42 U.S.C. § 1983; Williams v. United States, 396 F.3d 412, 414 (D.C. Cir. 2005). Appellant's claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), relies on a theory of respondeat superior based on the assertion that Moran is employed by the U.S. Public Defender's Office. That assertion is factually incorrect because Moran is a private attorney who was appointed to represent appellant in his criminal trial. The claim also fails as a matter of law because "Bivens claims cannot rest merely on respondeat superior." Simpkins v. D.C. Government, 108 F.3d 366, 369 (D.C. Cir. 1997). Moreover, court-appointed defense attorneys and public defenders do not act under color of state or federal law when acting in their capacity as defense counsel and, therefore, are not subject to claims under either Bivens or § 1983. See Hinton v. Rudasill, 384 Fed.Appx. 2, 3 (D.C. Cir. 2010); see also Polk County v. Dodson, 454 U.S. 312, 324, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

To the extent appellant's appellate brief discusses potential claims under the Federal Tort Claims Act, 28 U.S.C. § 2680(k), those claims were not presented to the district court and "cannot be considered for the first time on appeal." United States v. Stover, 329 F.3d 859, 872 (D.C. Cir. 2003).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.